GARRY G. MATHIASON, Bar No. 051119
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433-1940
Fax: 415.399-8490
gmathiason@littler.com

ROBERT J. WILGER, Bar No. 168402
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando St., 15th Fl.
Telephone: 408.998-4150
Fax: 408.288-5686
rwilger@littler.com

Attorneys for Defendants s
SOLECTRON CORPORATION, FLEXTRONICS
INTERNATIONAL, USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAN GIL, RODNEY CARR, TONY DANIEL, AND JERMAINE WRIGHT, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SOLECTRON CORPORATION, FLEXTRONICS INTERNATIONAL, USA, INC., and DOES 1-10 inclusive,<br><br>Defendants s. | Case No. C07-06414 RMW HRL<br><br>**DEFENDANTS SOLECTRON CORPORATION'S AND FLEXTRONICS INTERNATIONAL, USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** |

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113
408 998-4150

(CASE NO. C07-06414 RMW HRL)                    Defendants' Answer to Complaint

1    Defendants Solectron Corporation and Flextronics International, USA, Inc.

2  ("Defendants"), by and through their attorneys, for its Answer and Affirmative Defenses to

3  Plaintiffs' Complaint for Damages, Restitution and Injunctive Relief ("Complaint"), and responding

4  to the corresponding numbered paragraphs of Plaintiffs' Complaint, state as follows:

5                        **PRELIMINARY STATEMENT**

6                1.    Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiffs

7  purport to bring a collective and class action on behalf of themselves and others.  Defendants further

8  admit that Plaintiffs Gil, Carr and Wright were or are employed by Defendant Solectron Corporation

9  ("Solectron") and/or Flextronics International USA, Inc. ("Flextronics") as non-exempt employees.

10 Defendants deny that Plaintiff Daniel was employed by Solectron.    Except as so specifically

11 admitted Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

12                2.    Answering Paragraph 2 of the Complaint, Defendants deny the allegations

13 contained in Paragraph 2 of the Complaint.

14                3.    Answering Paragraph 3 of the Complaint, Defendants deny the allegations

15 contained in Paragraph 3 of the Complaint.

16                4.    Answering Paragraph 4 of the Complaint, Defendants deny the allegations

17 contained in Paragraph 4 of the Complaint.

18                5.    Answering Paragraph 5 of the Complaint, Defendants deny the allegations

19 contained in Paragraph 5 of the Complaint.

20                6.    Answering Paragraph 6 of the Complaint, Defendants deny the allegations

21 contained in Paragraph 6 of the Complaint.

22                        **THE PARTIES**

23                7.    Answering Paragraph 7 of the Complaint, Defendants admit that Plaintiff Gil

24 was employed by Defendant Solectron from 2001 through August 2005 as a non-exempt assembly

25 employee in Solectron's Lincoln, California facility.    Defendants are without knowledge or

26 information sufficient to form a belief as to where Plaintiff Gil currently resides, and on that basis

27 deny that allegation.  Except as so specifically admitted, Defendants deny the remaining allegations

28 contained in Paragraph 7 of the Complaint.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113
408 998-4150

(CASE NO.  C07-06414 RMW HRL)                    **Defendants' Answer to Complaint**

8.      Answering Paragraph 8 of the Complaint, Defendants admit that Plaintiff Carr resides in Raleigh, North Carolina, and was employed by Defendant Solectron, or a wholly owned subsidiary of Solectron, from 2001 through October 2007, and by Defendant Flextronics from October 2007 through the present.   Defendants further admit that Plaintiff Carr is currently employed at the Flextronics facility in Raleigh, North Carolina, as non-exempt technician employee. Defendants also admit that Plaintiff Carr worked at Solectron's Creedmoor facility.   Except as so specifically admitted, Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Answering Paragraph 9 of the Complaint, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     Answering Paragraph 10 of the Complaint, Defendants admit that Plaintiff Wright was employed by Defendant Solectron from March 2006 through June 2006 as a non-exempt technician in Solectron's Louisville, Kentucky facility.   Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff Wright currently resides, and on that basis deny that allegation.   Except as so specifically admitted, Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Answering Paragraph 11 of the Complaint, Defendants admit that Defendant Solectron Corporation was a corporation organized under the laws of Delaware and had its corporate headquarters in Milpitas, California, which is in Santa Clara County.

12.     Answering Paragraph 12 of the Complaint, Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.     Answering Paragraph 13 of the Complaint, Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     Answering Paragraph 14 of the Complaint, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

## JURISDICTION AND VENUE

15.     Answering Paragraph 15 of the Complaint, Defendants deny violating any laws or taking any actions what would support the claims in Plaintiffs' Complaint and give the Court

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113
408-998-4150

(CASE NO.  C07-06414 RMW HRL)                2.        Defendants' Answer to Complaint

1  jurisdiction over Plaintiffs' claims. Defendants admit that Plaintiffs purport to bring claims arising

2  under this Court's original jurisdiction pursuant to 28 U.S.C. section 1331 and that Plaintiffs purport

3  to allege claims arising under this Court's supplemental jurisdiction. Defendants also admit that

4  Plaintiffs purport to bring this case under the FLSA, 29 U.S.C. section 207 *et seq.*

5        16. Answering Paragraph 16 of the Complaint, Defendants deny violating any

6  laws or taking any actions what would support the claims in Plaintiffs' Complaint and make venue

7  proper in the United States District Court, Northern District of California, pursuant to 28 U.S.C.

8  section 1391. Defendants admit that Defendant Solectron's corporate headquarters was located in

9  Santa Clara County, California and that Defendant Flextronics' corporate headquarters is currently

10  located in Santa Clara County, California. Defendants are without knowledge or information

11  sufficient to form a belief as to the truth of the allegation that a substantial part of the events giving

12  rise to the claims occurred in Santa Clara County and, therefore, on that basis further deny the

13  allegations contained in Paragraph 16 of the Complaint.

14        17. Answering Paragraph 17 of the Complaint, Defendants deny violating any

15  laws or taking any actions that would support the claims in Plaintiffs' Complaint and make venue

16  proper in the San Jose Division of the United States District Court, Northern District of California,

17  pursuant to Northern District Local Rule 3-2. Defendants are without knowledge or information

18  sufficient to form a belief as to the truth of the allegation that a substantial part of the events giving

19  rise to the claims occurred in Santa Clara County and, therefore, on that basis further deny the

20  allegations contained in Paragraph 17 of the Complaint.

21                            **FACTUAL ALLEGATIONS**

22        18. Answering Paragraph 18 of the Complaint, Defendants admit that Plaintiffs

23  Gil, Carr and Wright are employed or were employed with Solectron and/or Flextronics in the past

24  five years assembling and/or repairing electronics and electronic components. Defendants deny that

25  Plaintiff Daniel was employed by Solectron. Defendants deny that this action is appropriate for

26  treatment as either a collective action or a class action and that it should be maintained on behalf of

27  persons other than Plaintiffs. Defendants also deny that Plaintiffs are or were similarly situated to

28  each other or any other Solectron or Flextronics employees. Except as so specifically admitted,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113
408-998-4150

(CASE NO. C07-06414 RMW HRL)          3.          **Defendants' Answer to Complaint**

1    Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

2        19.    Answering Paragraph 19 of the Complaint, Defendants admit that Plaintiffs

3    Gil, Carr and Wright are or were required to pass through security checkpoints.  Defendants deny

4    that Plaintiff Daniel was employed by Solectron.  Defendants also admit that other employees are or

5    were required to pass through security checkpoints.  Defendants deny that Plaintiffs were not

6    compensated as required by the applicable federal and state laws for the time spent waiting in line, if

7    any, to pass through security.  Defendants further deny that this action is appropriate for treatment as

8    either a collective action or a class action and that it should be maintained on behalf of persons other

9    than Plaintiffs.  Defendants also deny that Plaintiffs are or were similarly situated to each other or

10   any other Solectron or Flextronics employees.  Except as so specifically admitted, Defendants deny

11   the remaining allegations contained in Paragraph 19 of the Complaint.

12       20.    Answering Paragraph 20 of the Complaint, Defendants admit that Plaintiffs

13   Gil, Carr and/or Wright and/or other employees are or were required to wear certain protective gear

14   while performing their jobs.  Defendants deny that Plaintiff Daniel was employed by Solectron.

15   Defendants further admit that this protective gear could have included smocks, safety glasses, wrist

16   straps and ankle straps.  Defendants also admit that a purpose of certain protective gear is to prevent

17   static electricity from damaging electronics and electronic components.  Defendants deny that this

18   action is appropriate for treatment as either a collective action or a class action and that it should be

19   maintained on behalf of persons other than Plaintiffs.  Defendants also deny that Plaintiffs are or

20   were similarly situated to each other or any other Solectron or Flextronics employees.  Except as so

21   specifically admitted, Defendants deny the remaining allegations contained in Paragraph 20 of the

22   Complaint.

23       21.    Answering Paragraph 21 of the Complaint, Defendants deny the allegations

24   contained in Paragraph 21 of the Complaint.

25       22.    Answering Paragraph 22 of the Complaint, Defendants deny the allegations

26   contained in Paragraph 22 of the Complaint.

27       23.    Answering Paragraph 23 of the Complaint, Defendants deny the allegations

28   contained in Paragraph 23 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113
408-998-4150

(CASE NO.  C07-06414 RMW HRL)            4.        Defendants' Answer to Complaint

1    24.    Answering Paragraph 24 of the Complaint, Defendants deny the allegations
2    contained in Paragraph 24 of the Complaint.

3    25.    Answering Paragraph 25 of the Complaint, Defendants deny the allegations
4    contained in Paragraph 25 of the Complaint.

5    26.    Answering Paragraph 26 of the Complaint, Defendants admit that Plaintiffs
6    Gil, Carr and Wright and other employees are or were required to clock in at the beginning of their
7    workday and to clock out at the end of their work day.  Defendants deny that Plaintiff Daniel was
8    employed by Solectron.  Defendants deny that this action is appropriate for treatment as either a
9    collective action or a class action and that it should be maintained on behalf of persons other than
10    Plaintiffs.  Defendants also deny that Plaintiffs are or were similarly situated to each other or any
11    other Solectron or Flextronics employees.  Except as so specifically admitted, Defendants deny the
12    remaining allegations contained in Paragraph 26 of the Complaint.

13    27.    Answering Paragraph 27 of the Complaint, Defendants deny the allegations
14    contained in Paragraph 27 of the Complaint.

15    28.    Answering Paragraph 28 of the Complaint, Defendants deny the allegations
16    contained in Paragraph 28 of the Complaint.

17    29.    Answering Paragraph 29 of the Complaint, Defendants deny the allegations
18    contained in Paragraph 29 of the Complaint.

19    30.    Answering Paragraph 30 of the Complaint, Defendants deny the allegations
20    contained in Paragraph 30 of the Complaint.

21                    **NATIONAL CLASS ALLEGATIONS**

22    31.    Answering Paragraph 31 of the Complaint, Defendants admit that Plaintiffs
23    purport to bring a nationwide class action pursuant to Rule 23 of the Federal Rules of Civil
24    Procedure.  Defendants deny that this action is appropriate for treatment as a class action or that it
25    should be maintained on behalf of any persons other than Plaintiffs.  Defendants also deny that
26    Plaintiffs are or were similarly situated to each other or any other Solectron or Flextronics
27    employees.  Except as so specifically admitted, Defendants deny the remaining allegations contained
28    in Paragraph 31 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113
408-998-4150

(CASE NO.  C07-06414 RMW HRL)          5.          Defendants' Answer to Complaint

1        32.    Answering Paragraph 32 of the Complaint, Defendants deny the allegations

2    contained in Paragraph 32 of the Complaint.

3        33.    Answering Paragraph 33 of the Complaint, Defendants deny the allegations

4    contained in Paragraph 33 of the Complaint.

5        34.    Answering Paragraph 34 of the Complaint, Defendants deny the allegations

6    contained in Paragraph 34 of the Complaint.

7        35.    Answering Paragraph 35 of the Complaint, Defendants deny the allegations

8    contained in Paragraph 35 of the Complaint.

9        36.    Answering Paragraph 36 of the Complaint, Defendants deny the allegations

10    contained in Paragraph 36 and each subpart of Paragraph 36 of the Complaint.

11        37.    Answering Paragraph 37 of the Complaint, Defendants deny the allegations

12    contained in Paragraph 37 of the Complaint.

13        38.    Answering Paragraph 38 of the Complaint, Defendants deny the allegations

14    contained in Paragraph 38 of the Complaint.

15        39.    Answering Paragraph 39 of the Complaint, Defendants are without knowledge

16    or information sufficient to form a belief as to the truth of the allegations that Plaintiffs intend to

17    send notice to all members of the Proposed National Class and that Defendants have available to

18    them the names and current addresses of all members of the Proposed National Class and, therefore,

19    on that basis deny the allegations contained in Paragraph 39 of the Complaint.

20              **CALIFORNIA CLASS ALLEGATIONS**

21        40.    Answering Paragraph 40 of the Complaint, Defendants admit that Plaintiff Gil

22    purports to bring a California class action pursuant to Rule 23 of the Federal Rules of Civil

23    Procedure.  Defendants deny that this action is appropriate for treatment as a class action or that it

24    should be maintained on behalf of any persons other than Plaintiff Gil.  Defendants also deny that

25    Plaintiff Gil is or was similarly situated to any other Solectron or Flextronics employees.  Except as

26    so specifically admitted, Defendants deny the remaining allegations contained in Paragraph 40 of the

27    Complaint.

28        41.    Answering Paragraph 41 of the Complaint, Defendants deny the allegations

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113
408-998-4150

(CASE NO.  C07-06414 RMW HRL)      6.    **Defendants' Answer to Complaint**

1  contained in Paragraph 41 of the Complaint.

2      42.    Answering Paragraph 42 of the Complaint, Defendants deny the allegations

3  contained in Paragraph 42 of the Complaint.

4      43.    Answering Paragraph 43 of the Complaint, Defendants deny the allegations

5  contained in Paragraph 43 of the Complaint.

6      44.    Answering Paragraph 44 of the Complaint, Defendants deny the allegations

7  contained in Paragraph 44 of the Complaint.

8      45.    Answering Paragraph 45 of the Complaint, Defendants deny the allegations

9  contained in Paragraph 45 and each subpart of Paragraph 45 of the Complaint.

10      46.    Answering Paragraph 46 of the Complaint, Defendants deny the allegations

11  contained in Paragraph 46 of the Complaint.

12      47.    Answering Paragraph 47 of the Complaint, Defendants deny the allegations

13  contained in Paragraph 47 of the Complaint.

14      48.    Answering Paragraph 48 of the Complaint, Defendants are without knowledge

15  or information sufficient to form a belief as to the truth of the allegations that Plaintiffs intend to

16  send notice to all members of the Proposed California Class and that Defendants have available to

17  them the names and current addresses of all members of the Proposed California Class and,

18  therefore, on that basis deny the allegations contained in Paragraph 48 of the Complaint.

19  **KENTUCKY CLASS ALLEGATIONS**

20      49.    Answering Paragraph 49 of the Complaint, Defendants admit that Plaintiff

21  Wright purports to bring a Kentucky class action pursuant to Rule 23 of the Federal Rules of Civil

22  Procedure.  Defendants deny that this action is appropriate for treatment as a class action or that it

23  should be maintained on behalf of any persons other than Plaintiff Wright.  Defendants also deny

24  that Plaintiff Wright is or was similarly situated to any other Solectron or Flextronics employees.

25  Except as so specifically admitted, Defendants deny the remaining allegations contained in

26  Paragraph 49 of the Complaint.

27      50.    Answering Paragraph 50 of the Complaint, Defendants deny the allegations

28  contained in Paragraph 50 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113
408-998-4150

(CASE NO. C07-06414 RMW HRL)            7.        **Defendants' Answer to Complaint**

1    51.    Answering Paragraph 51 of the Complaint, Defendants deny the allegations

2    contained in Paragraph 51 of the Complaint.

3    52.    Answering Paragraph 52 of the Complaint, Defendants deny the allegations

4    contained in Paragraph 52 of the Complaint.

5    53.    Answering Paragraph 53 of the Complaint, Defendants deny the allegations

6    contained in Paragraph 53 of the Complaint.

7    54.    Answering Paragraph 54 of the Complaint, Defendants deny the allegations

8    contained in Paragraph 54 and each subpart of Paragraph 54 of the Complaint.

9    55.    Answering Paragraph 55 of the Complaint, Defendants deny the allegations

10   contained in Paragraph 55 of the Complaint.

11   56.    Answering Paragraph 56 of the Complaint, Defendants deny the allegations

12   contained in Paragraph 56 of the Complaint.

13   57.    Answering Paragraph 57 of the Complaint, Defendants are without knowledge

14   or information sufficient to form a belief as to the truth of the allegations that Plaintiffs intend to

15   send notice to all members of the Proposed Kentucky Class and that Defendants have available to

16   them the names and current addresses of all members of the Proposed Kentucky Class and,

17   therefore, on that basis deny the allegations contained in Paragraph 57 of the Complaint.

18   **COLLECTIVE ACTION ALLEGATIONS**

19   58.    Answering Paragraph 58 of the Complaint, Defendants admit that Plaintiffs

20   purport to bring this action on behalf of themselves and on behalf of other allegedly similarly

21   situated employees pursuant to 29 U.S.C. section 216(b).    Defendants deny that this action is

22   appropriate for treatment as a collective action or that is should be maintained on behalf of any

23   persons other than Plaintiffs.    Defendants also deny that Plaintiffs are or were similarly situated to

24   each other or any other Solectron or Flextronics employees.    Except as so specifically admitted,

25   Defendants deny the remaining allegations contained in Paragraph 58 of the Complaint.

26   59.    Answering Paragraph 59 of the Complaint, Defendants deny the allegations

27   contained in Paragraph 59 of the Complaint.

28   60.    Answering Paragraph 60 of the Complaint, Defendants deny the allegations

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113
408-998-4150

(CASE NO.  C07-06414 RMW HRL)    8.    **Defendants' Answer to Complaint**

1    contained in Paragraph 60 of the Complaint.

2            61.     Answering Paragraph 61 of the Complaint, Defendants deny the allegations

3    contained in Paragraph 61 of the Complaint.

4            62.     Answering Paragraph 62 of the Complaint, Defendants deny the allegations

5    contained in Paragraph 62 of the Complaint.

6            63.     Answering Paragraph 63 of the Complaint, Defendants are without knowledge

7    or information sufficient to form a belief as to the truth of the allegation that Defendants have

8    available to them the names and current addresses of all members of the Proposed Collective Class

9    and, therefore, on that basis deny that allegation.   Defendants otherwise deny the remaining

10    allegations contained in Paragraph 64 of the Complaint.

11                        **FIRST CLAIM FOR RELIEF**

12         **(Failure to Pay Overtime Compensation in Violation of the FLSA)**

13         **On Behalf of Plaintiffs and the Nationwide FLSA Collective Class**

14            64.     Answering Paragraph 64 of the Complaint, which incorporates by reference

15    the allegations of Paragraphs 1 through 63 of the Complaint, Defendants incorporate herein by

16    reference their answers to said Paragraphs in this Answer.

17            65.     Answering Paragraph 65 of the Complaint, Defendants are without knowledge

18    or information sufficient to form a belief as to the truth of the allegation that Plaintiffs have signed

19    consent forms to join this lawsuit, that such consent forms are attached to the Complaint or that

20    Plaintiffs anticipate that other individuals will sign consent forms and join the lawsuit as plaintiffs

21    and, therefore, on that basis deny the allegations contained in Paragraph 65 of the Complaint.

22            66.     Answering Paragraph 66 of the Complaint, Defendants admit that they

23    employed and/or continue to employ Plaintiffs Gil, Carr and Wright and other employees.

24    Defendants deny that Plaintiff Daniel was employed by Solectron. Defendants deny that this action

25    is appropriate for treatment as a collective action or that is should be maintained on behalf of any

26    persons other than Plaintiffs. Defendants also deny that Plaintiffs are or were similarly situated to

27    each other or any other Solectron or Flextronics employees. Defendants affirmatively state that the

28    allegation that Defendants have been and continue to be an "employer" within the meaning the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113
408-998-4150

(CASE NO. C07-06414 RMW HRL)         9.       **Defendants' Answer to Complaint**

1    FLSA, 20 U.S.C. section 203 is a legal conclusion to which no response is required and the statutory

2    provisions of the FLSA speak for themselves.  Except as so specifically admitted, Defendants deny

3    the remaining allegations contained in Paragraph 66 of the Complaint.

4            67.    Answering Paragraph 67 of the Complaint, Defendants affirmatively state that

5    Paragraph 67 asserts a legal conclusion to which no response is required and that the statutory

6    provisions of the FLSA speak for themselves.

7            68.    Answering Paragraph 68 of the Complaint, Defendants deny the allegations

8    contained in Paragraph 68 of the Complaint.

9            69.    Answering Paragraph 69 of the Complaint, Defendants deny the allegations

10   contained in Paragraph 69 of the Complaint.

11           70.    Answering Paragraph 70 of the Complaint, Defendants deny the allegations

12   contained in Paragraph 70 of the Complaint.

13           71.    Answering Paragraph 71 of the Complaint, Defendants admit that Plaintiffs

14   purport to seek damages under the FLSA, but deny that Plaintiffs are entitled to the relief sought or

15   any other relief that may be available under the FLSA.   Except as so specifically admitted,

16   Defendants deny the remaining allegations contained in Paragraph 71 of the Complaint.

17           72.    Answering Paragraph 72 of the Complaint, Defendants admit that Plaintiffs

18   purport to seek attorneys' fees and costs under the FLSA, but deny that Plaintiffs are entitled to the

19   relief sought or any other relief that may be available under the FLSA.   Except as so specifically

20   admitted, Defendants deny the remaining allegations contained in Paragraph 72 of the Complaint.

21                        **SECOND CLAIM FOR RELIEF**

22          **(Failure to Pay Overtime Compensation in Violation of California Law)**

23          **On Behalf of the California Class Representative and California Class**

24           73.    Answering Paragraph 73 of the Complaint, which incorporates by reference

25   the allegations of Paragraphs 1 through 72 of the Complaint, Defendants incorporate herein by

26   reference their answers to said Paragraphs in this Answer.

27           74.    Answering Paragraph 74 of the Complaint, Defendants affirmatively state that

28   Paragraph 74 asserts a legal conclusion to which no response is required and that the statutory

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113
408-998-4150

(CASE NO.  C07-06414 RMW HRL)             10.          **Defendants' Answer to Complaint**

1   provisions of the California Wage Orders and Labor Code speak for themselves.

2       75.    Answering Paragraph 75 of the Complaint, Defendants deny the allegations

3   contained in Paragraph 75 of the Complaint.

4       76.    Answering Paragraph 76 of the Complaint, Defendants deny the allegations

5   contained in Paragraph 76 of the Complaint.

6   ### THIRD CLAIM FOR RELIEF

7   **(Waiting Time Penalties in Violation of California Law)**

8   **On Behalf of the California Class Representative and California Class**

9       77.    Answering Paragraph 77 of the Complaint, which incorporates by reference

10  the allegations of Paragraphs 1 through 76 of the Complaint, Defendants incorporate herein by

11  reference their answers to said Paragraphs in this Answer.

12      78.    Answering Paragraph 78 of the Complaint, Defendants admit that Plaintiffs

13  purport to bring this action on behalf of other allegedly similarly situated employees who were

14  employed by Defendants and have since been terminated by or resigned their positions with

15  Defendants.  Defendants deny that this action is appropriate for treatment as a class action or that it

16  should be maintained on behalf of any persons other than Plaintiffs.  Defendants also deny that

17  Plaintiffs are or were similarly situated to each other or any other Solectron or Flextronics

18  employees. Except as so specifically admitted, Defendants deny the remaining allegations contained

19  in Paragraph 78 of the Complaint.

20      79.    Answering Paragraph 79 of the Complaint, Defendants deny the allegations

21  contained in Paragraph 79 of the Complaint.

22  ### FOURTH CLAIM FOR RELIEF

23  **(Failure to Provide Accurate Itemized Wage Statements in Violation of California Law)**

24  **On Behalf of the California Class Representative and California Class**

25      80.    Answering Paragraph 80 of the Complaint, which incorporates by reference

26  the allegations of Paragraphs 1 through 79 of the Complaint, Defendants incorporate herein by

27  reference their answers to said Paragraphs in this Answer.

28      81.    Answering Paragraph 81 of the Complaint, Defendants affirmatively state that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113
408-998-4150

(CASE NO.  C07-06414 RMW HRL)    11.    **Defendants' Answer to Complaint**

1    Paragraph 81 asserts a legal conclusion to which no response is required and that the statutory

2    provisions of the California Labor Code speak for themselves.

3          82.    Answering Paragraph 82 of the Complaint, Defendants deny the allegations

4    contained in Paragraph 82 of the Complaint.

**FIFTH CLAIM FOR RELIEF**

**(Failure to Provide Rest Breaks and Meal Periods in Violation of California Law)**

**On Behalf of the California Class Representative and California Class**

8          83.    Answering Paragraph 83 of the Complaint, which incorporates by reference

9    the allegations of Paragraphs 1 through 82 of the Complaint, Defendants incorporate herein by

10   reference their answers to said Paragraphs in this Answer.

11         84.    Answering Paragraph 84 of the Complaint, Defendants affirmatively state that

12   Paragraph 84 asserts a legal conclusion to which no response is required and that the statutory

13   provisions of the California Wage Orders and Labor Code speak for themselves.

14         85.    Answering Paragraph 85 of the Complaint, Defendants affirmatively state that

15   Paragraph 85, and each of its subparts, asserts a legal conclusion to which no response is required

16   and that the statutory provisions of the California Wage Orders speak for themselves.

17         86.    Answering Paragraph 86 of the Complaint, Defendants affirmatively state that

18   Paragraph 86 asserts a legal conclusion to which no response is required and that the statutory

19   provisions of the California Labor Code speak for themselves.

20         87.    Answering Paragraph 87 of the Complaint, Defendants deny the allegations

21   contained in Paragraph 87 of the Complaint.

**SIXTH CLAIM FOR RELIEF**

**(Unfair Practice under the Unfair Competition Act)**

**On Behalf of Plaintiffs and the Nationwide Class**

25         88.    Answering Paragraph 88 of the Complaint, which incorporates by reference

26   the allegations of Paragraphs 1 through 87 of the Complaint, Defendants incorporate herein by

27   reference their answers to said Paragraphs in this Answer.

28         89.    Answering Paragraph 89 of the Complaint, Defendants affirmatively state that

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113
408-998-4150

(CASE NO. C07-06414 RMW HRL)          12.      Defendants' Answer to Complaint

1  Paragraph 89 asserts a legal conclusion to which no response is required and that the statutory

2  provisions of the California Business and Professions Code speak for themselves.  Defendants deny

3  they engaged in any conduct that constitutes unlawful business actions and practices in violation of

4  California law as alleged in Paragraph 89 of the Complaint.

5      90.    Answering Paragraph 90 of the Complaint, Defendants deny the allegations

6  contained in Paragraph 90 of the Complaint.

7      91.    Answering Paragraph 91 of the Complaint, Defendants deny the allegations

8  contained in Paragraph 91 of the Complaint.

9  ## SEVENTH CLAIM FOR RELIEF

10  **(Failure to Pay Overtime Compensation in Violation of Kentucky Law)**

11  **On Behalf of the Kentucky Class Representative and Kentucky Class**

12      92.    Answering Paragraph 92 of the Complaint, which incorporates by reference

13  the allegations of Paragraphs 1 through 91 of the Complaint, Defendants incorporate herein by

14  reference their answers to said Paragraphs in this Answer.

15      93.    Answering Paragraph 93 of the Complaint, Defendants affirmatively state that

16  Paragraph 93 asserts a legal conclusion to which no response is required and that the statutory

17  provisions of the Kentucky Revised Statutes speak for themselves.

18      94.    Answering Paragraph 94 of the Complaint, Defendants deny the allegations

19  contained in Paragraph 94 of the Complaint.

20      95.    Answering Paragraph 95 of the Complaint, Defendants deny the allegations

21  contained in Paragraph 95 of the Complaint.

22  ## PLAINTIFFS' PRAYER FOR RELIEF

23      96.    Defendants deny that Plaintiffs or any other putative class member, whether

24  under the FLSA, California law or Kentucky law, are entitled to any relief sought in Paragraph 1 of

25  Plaintiffs' Prayer for Relief, and each subpart, or to any other relief whatsoever.

26  ## DEMAND OF JURY TRIAL

27      97.    Defendants admit that Plaintiffs purport to demand a trial by jury pursuant to

28  Rule 38(b) of the Federal Rules of Civil Procedure, but deny that Plaintiffs are entitled to a jury trial

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113
408-998-4150

(CASE NO.  C07-06414 RMW HRL)        13.        Defendants' Answer to Complaint

1    on all claims made in the Complaint. Defendants further deny that Plaintiffs are similarly situated to

2    each other or any other current or former employees of Defendants

3         98.    Unless otherwise expressly admitted, Defendants deny each and every

4    allegation in Plaintiffs' Complaint.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

6         As separate and distinct affirmative and other defenses, Defendants allege the

7    following defenses. In asserting these defenses, Defendants do not assume the burden of proof as to

8    matters that, pursuant to law, are Plaintiffs' burden to prove.

### FIRST DEFENSE

10        The complaint fails to state a claim against Defendants upon which relief can be

11   granted.

### SECOND DEFENSE

13        To the extent that the period of time alluded to in the Complaint, or the period of time

14   alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-

15   Portal Act, 29 U.S.C. section 255(a); the five-year limitations period contained in Kentucky Revised

16   Statutes section 413.120; the three-year limitations period contained in California Code of Civil

17   Procedure section 338(a); the one-year limitations period governing recovery of statutory penalties

18   contained in California Code of Civil Procedure section 340(1); the four year limitations period

19   found in Business and Professions Code section 17208; or any other limitations period found in the

20   California Code of Civil Procedure, including but not limited to sections 337, 339, 340, 343, or the

21   California Business and Professions Code section 16750.1, such claims of Plaintiffs are barred.

### THIRD DEFENSE

23        Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the

24   Portal-to-Portal Act, 29 U.S.C. section 259; Kentucky Revised Statutes section 337.385; and/or any

25   corresponding California state law because actions taken in connection with Plaintiffs' compensation

26   were done in good faith in conformity with and reliance upon written administrative regulations,

27   orders, rulings, approvals, interpretations, or written and unwritten administrative practices or

28   enforcement policies of the Administrator of the Wage and Hour Division of the United States

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113
408-998-4150

(CASE NO. C07-06414 RMW HRL)          14.     Defendants' Answer to Complaint

1    Department of Labor and any corresponding Kentucky and California state law.

2    **FOURTH DEFENSE**

3       Plaintiffs' claims, including claims for liquidated damages, are barred in whole or in

4    part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. section 260; Kentucky

5    Revised Statutes section 337.385; and/or any corresponding California state law because any acts or

6    omissions giving rise to this action were done in good faith and with reasonable grounds for

7    believing that the actions or omissions were not a violation of the FLSA or any corresponding

8    Kentucky and California state law.  Further, because of, among other things, its good faith,

9    Defendants asserts that any non-compliance with federal, Kentucky or California wage and hour

10    laws was not willful and therefore, Plaintiffs are not entitled, among other things, to a third year of

11    overtime pay under the FLSA.

12    **FIFTH DEFENSE**

13       Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the

14    Portal-to-Portal Act, 29 U.S.C. section 254 and any corresponding Kentucky or California state law,

15    as to all hours during which Plaintiffs were engaged in activities which were preliminary or

16    postliminary to their principal activities.

17    **SIXTH DEFENSE**

18       Plaintiffs' claims are barred in whole or in part by the doctrine of de minimis non

19    curet lex.

20    **SEVENTH DEFENSE**

21       All or portions of the claims set forth in the Complaint are barred by the doctrines of

22    waiver, estoppel, laches, or unclean hands.

23    **EIGHTH DEFENSE**

24       Plaintiffs have failed to exercise reasonable care to mitigate their damages, if any

25    were suffered, and their right to recover against Defendants should be reduced and/or eliminated by

26    such a failure.

27    **NINTH DEFENSE**

28       Each purported claim for relief in the Complaint, or some of the claims for relief, are

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113
408-998-4150

(CASE NO.  C07-06414 RMW HRL)     15.     **Defendants' Answer to Complaint**

1   barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

2                              **TENTH DEFENSE**

3          Plaintiffs lack standing to bring their claims as to all or a portion of the claims alleged

4   in the Complaint.

5                            **ELEVENTH DEFENSE**

6          The Complaint fails to properly state a claim for penalties under California Labor

7   Code section 203 because there is a bona fide, good faith dispute with respect to Defendants'

8   obligation to pay any wages that may be found to be due to Plaintiffs within the meaning and scope

9   of California Labor Code section 203.

10                            **TWELFTH DEFENSE**

11         This suit may not be properly maintained as a class action under either the FLSA, 29

12  U.S.C. section 216(b), or under Rule 23 of the Federal Rules of Civil Procedure because: (1)

13  Plaintiffs cannot establish the necessary procedural prerequisites for collective or class treatment and

14  therefore cannot represent the interests of others; (2) the prosecution of separate actions by

15  individuals would not create a risk of incompatible standards of conduct for Defendants; nor would

16  adjudication of individual's claims impede the ability of others not parties to the adjudications to

17  protect their interests; (3) the alleged putative group that Plaintiffs purport to represent is not so

18  numerous that joinder is impracticable; (4) common issues of fact or law do not predominate; to the

19  contrary, individual issues predominate; (5) Plaintiffs' claims are not representative or typical of the

20  claims of the putative class; (6) the named Plaintiffs and alleged putative class counsel are not proper

21  or adequate representatives for the alleged putative class; (7) Plaintiffs cannot show that class

22  treatment of the purported causes of action in the Complaint is superior to other methods of

23  adjudicating the controversy; (8) there is not a well-defined community of interest in the questions of

24  law or fact affecting Plaintiffs and the members of the alleged putative class, and conflicts of interest

25  exist between members of the alleged putative class; (9) the Complaint and the causes of action

26  therein present difficulties that make this action unmanageable as a class action, including, but not

27  limited to, Plaintiffs seek to certify both an opt-in class action under Rule 216(b) of the FLSA and an

28  opt-out class action under Rule 23, which is confusing to putative members of the class.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113
408-998-4150

(CASE NO. C07-06414 RMW HRL)            16.      **Defendants' Answer to Complaint**

1

**THIRTEENTH DEFENSE**

2   The Complaint fails to properly state a claim for attorney's fees under California

3 Code of Civil Procedure section 1021.5, the California Labor Code sections 218.5, California

4 Business and Professions Code section 17200, *et seq.*, under the FLSA, under Kentucky Revised

5 Statutes section 337.385 or on any other basis.

6

**FOURTEENTH DEFENSE**

7   Plaintiffs and the putative class members are not entitled to equitable relief insofar as

8 they have adequate remedies at law.

9

**FIFTEENTH DEFENSE**

10   Defendants oppose class certification and dispute the propriety of class treatment

11 under the FLSA and/or Rule 23. If the Court certifies a class in this case over Defendants'

12 objections under the FLSA, Rule 23 or both, then Defendants assert the affirmative defenses set

13 forth herein against each and every member of the certified class.

14

**ADDITIONAL DEFENSES**

15   Defendants state that they do not presently know all facts concerning the conduct of

16 Plaintiffs and their claims sufficient to state all affirmative defenses at this time. Defendants will

17 seek leave of this Court to amend this Answer should they later discover facts demonstrating the

18 existence of additional affirmative defenses.

19

**DEFENDANTS' PRAYER FOR RELIEF**

20   WHEREFORE, Defendants pray for relief as follows:

21   1.  That Plaintiffs take nothing and the Complaint be dismissed in its entirety

22 with prejudice;

23   2.  That judgment be entered in Defendants' favor;

24 ...

25 ...

26 ...

27 ...

28 ...

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113
408-998-4150

(CASE NO.  C07-06414 RMW HRL)   17.  **Defendants' Answer to Complaint**

1         3.     That Defendants be awarded their attorneys' fees and costs; and

2         4.     That Defendants be awarded such other and further relief as the Court deems

3 just and proper.

4 Dated: January 16, 2008

5

6                          _____

7                          GARRY G. MATHIASON
                         ROBERT J. WILGER

8                          LITTLER MENDELSON
                         A Professional Corporation

9                          Attorneys for Defendants s
                         SOLECTRON CORPORATION,

10                          FLEXTRONICS INTERNATIONAL, USA,
                         INC.

11

12 Firmwide:84036910.1 014692.1000

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113
408-998-4150

(CASE NO.  C07-06414 RMW HRL)         18.     **Defendants' Answer to Complaint**

1

## PROOF OF SERVICE

2

3        I am a resident of the State of California, over the age of eighteen years, and not a

4    party to the within action. My business address is 50 West San Fernando Street, 15th Floor, San

5    Jose, California 95113.2303. On January 16, 2008, I served the within document(s):

6        DEFENDANTS SOLECTRON CORPORATION'S AND
         FLEXTRONICS INTERNATIONAL, USA, INC.'S ANSWER AND
7        AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
         DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

8

9    ☐   by facsimile transmission at or about _____ on that date. This document
         was transmitted by using a facsimile machine that complies with California Rules
10       of Court Rule 2003(3), telephone number 408.288.5686. The transmission was
         reported as complete and without error. A copy of the transmission report, properly
11       issued by the transmitting machine, is attached. The names and facsimile numbers
         of the person(s) served are as set forth below.

12

13   ☒   by placing a true copy of the document(s) listed above for collection and mailing
         following the firm's ordinary business practice in a sealed envelope with postage
14       thereon fully prepaid for deposit in the United States mail at San Jose, California
         addressed as set forth below.

15

16   ☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery
         fees provided for, in an overnight delivery service pick up box or office designated
         for overnight delivery, and addressed as set forth below.

17

18   ☐   by personally delivering a copy of the document(s) listed above to the person(s) at
         the address(es) set forth below.

19
     Matthew C. Helland                James H. Kaster
20   Nichols Kaster & Anderson LLP     Jessica J. Clay
     One Embarcadero Center, Ste. 720  Nichols Kaster & Anderson LLP
21   San Francisco, CA 94111           4600 IDS Center
     Fax: 415.277-7238                 80 South 8th Street
22   Email: helland@nka.com            Minneapolis, MN 55402
                                       Fax: 612.338-4878
23                                     Email: kaster@nka.com;
                                       clay@nka.com
24

25       I am readily familiar with the firm's practice of collection and processing

26   correspondence for mailing and for shipping via overnight delivery service. Under that practice it

27   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

(CASE NO. C07-06414 RMW HRL)                                         Proof of Service

1 | deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

2 | thereon fully prepaid in the ordinary course of business.

3 |     I declare that I am employed in the office of a member of the bar of this court at

4 | whose direction the service was made. Executed on January 16, 2008, at San Jose, California.

Elizabeth E. Bond

Firmwide:84068146.1 014692.1000

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2300
408 998 4150

(CASE NO. C07-06414 RMW HRL)        2.