Counsel Appear on the Following Page

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mohan Gil, Rodney Carr, Tony Daniel, and Jermaine Wright, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>Solectron Corporation, Flextronics International, USA, Inc., and DOES 1-10 inclusive,<br><br>Defendants. | Case No. C 07-06414 RMW (HRL)<br><br>**JOINT REPORT OF RULE 26(f) CONFERENCE**<br><br>Honorable Ronald M. Whyte<br>Complaint Filed: December 19, 2007 |

**JOINT REPORT OF RULE 26(F) CONFERENCE**

NICHOLS KASTER & ANDERSON LLP
Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

NICHOLS KASTER & ANDERSON PLLP
James H. Kaster, CA State Bar No. 248949
Kaster@nka.com
Jessica J. Clay, MN State Bar No. 318772
(admitted pro hac vice)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

Attorneys for INDIVIDUAL AND REPRESENTATIVE PLAINTIFFS

LITTLER MENDELSON
A Professional Corporation
Garry G. Mathiason, Bar No. 051119
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: (415) 433-1940
Fax: (415) 399-8490
gmathiason@littler.com

LITTLER MENDELSON
A Professional Corporation
Robert J. Wilger, Bar No. 168402
50 West San Fernando St., 15th Floor
Telephone: (408) 998-4150
Fax: (408) 288-5686
rwilger@littler.com

Attorneys for DEFENDANTS

**JOINT REPORT OF RULE 26(F) CONFERENCE**

Counsel for Plaintiffs and Counsel for Defendants Solectron Corporation and Flextronics International, USA, Inc., (hereinafter referred to collectively as "Defendants") met telephonically on March 26, 2008, and prepared the following joint report. A pretrial conference has been set in this matter for April 18, 2008 at 10:30 a.m. in Courtroom 6.

**1.    Jurisdiction and Service.**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under the FLSA, 29 U.S.C. § 207 et seq. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The parties are unaware of any service of process, personal jurisdiction, subject matter jurisdiction, or venue issues at this time.

**2.    Facts**

**A.    Plaintiffs' Allegations**

Plaintiffs' Complaint alleges seven causes of action relating to: (1) wage and hour claims under the Fair Labor Standards Act ("FLSA"), as well as California and Kentucky state law; and (2) unfair business practices under California law.

Plaintiffs are non-exempt/hourly manufacturing and production employees of Defendant. Plaintiffs allege that Defendant failed to pay Plaintiffs for time spent donning and doffing protective gear, waiting to perform electro-static discharge (ESD) testing and ESD testing. Plaintiffs also allege that Defendant engaged in illegal time-clock rounding practices.

**B.    Defendants' Allegations**

Defendants deny that Plaintiffs were not fully compensated as required by the applicable federal and state laws. Defendants paid Plaintiffs for all hours worked as required by the applicable federal and state laws. Defendants did not violate any laws as alleged by Plaintiffs and did not otherwise engage in any unfair business acts or practices.

**JOINT REPORT OF RULE 26(F) CONFERENCE**

3.     **Disputed Factual and Legal Issues**

The principal legal and factual disputes in this case are:

- Whether the Plaintiffs engaged in pre-shift and post-shift activities and, if they do, are they principal activities for purposes of the FLSA and state wage and hour laws. Alvarez v. IBP, Inc., 339 F.3d 894, 902-03 (9th Cir. 2003);
- Whether there is a de minimis exception to the FLSA. See Spoerle v. Kraft Foods Global, Inc., 527 F. Supp. 2d 860, 862 (W.D. Wis. 2007);
- If there is a de minimis exception, whether Plaintiffs' pre and post-shift activities were de minimis. 29 C.F.R. § 785.47;
- Whether Defendants' failure to compensate plaintiffs for their pre- and post-shift activities was willful. 29 U.S.C. §255(a).
- Whether Defendants' improperly rounded Plaintiffs' time such that the rounding procedures resulted in the failure to compensate the employees properly for all the time they have actually worked. 29 C.F.R. 785.48(b);
- Whether the Defendants engaged in unfair business practices under California Business and Professional Code Sections 17200 et seq., and, if so, whether the Plaintiffs can base their claim on Defendants' activities occurring outside of California, whether they can recover for Defendants' activities from outside of California, and whether Plaintiffs who reside outside of California can bring a section 17200 claim;
- Whether Plaintiffs donning and doffing of protective gear, and ESD testing resulted in insufficient meal and rest breaks under California law. Cal. Labor Code § 512; and
- Whether Plaintiffs can satisfy the requirements to bring their action as a national collective action under the FLSA, whether they can satisfy

-4-

**JOINT REPORT OF RULE 26(F) CONFERENCE**

the requirements to bring their action as a class action under Fed.R.Civ.P. 23, and whether they can have both an opt-in collective action and an opt-out class action in the same lawsuit.

## 4. MOTIONS

There are no current motions pending before the court. As set forth below in section nine, Plaintiffs intend to bring a motion for conditional certification of a national collective action and a motion for class certification under Fed. Rule Civ. P. 23. The Parties propose Plaintiffs will file their motion for conditional certification (first-tier analysis) of an FLSA class on or before July 1, 2008. The Parties propose Plaintiffs will file their Rule 23 class certification motion on or before May 1, 2009.

If the Court grants Plaintiffs' conditional certification motion, Defendants will file a motion dismiss the class action claims as being inconsistent with their collective action claims and a motion to decertify the class. In addition, Defendants may file a motion for summary judgment or partial judgment.

## 5. AMENDMENT OF PLEADINGS

Plaintiffs anticipate that additional opt-in Plaintiffs will continue to join this case, including Plaintiffs who worked in states other than California and Kentucky. Plaintiffs anticipate that they may amend the Complaint to add additional named plaintiffs to support state law claims in states other than California and Kentucky. Additionally, Plaintiffs may amend the Complaint to add as defendants, any temporary/staffing agencies that provided employees to Defendants. The Parties propose that the deadline to amend the pleadings to add parties be January 1, 2009.

## 6. EVIDENCE PRESERVATION

The parties have made efforts to preserve both electronic and other evidence, including putting a destruction hold on potentially relevant electronic and other information and documents.

## 7. DISCLOSURES

-5-

**JOINT REPORT OF RULE 26(F) CONFERENCE**

1    The parties agree to exchange initial disclosures on or before April 23, 2008.

2    **8.    DISCOVERY**

Plaintiffs served their first set of Interrogatories and Document Requests on Defendants after the 26(f) meeting. Plaintiffs also served on Defendants Notices of Taking of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) for dates to de determined.

The Parties propose that discovery proceed simultaneously on class discovery and merits discovery for the named and opt-in Plaintiffs, for maximum judicial efficiency. They also agree that Defendants can take discovery of, including depositions of all the opt-in Plaintiffs without leave of court, and that they will likewise take discovery of, including depositions of, all of the relevant witnesses (including co-workers and managers) relating to the claims of all of the opt-in Plaintiffs, without leave of court. The Parties do not propose any limits on discovery at this point in time, but reserve the right to re-visit the issue with the Court should either party believe that the limits become necessary.

The parties anticipate that all discovery (class discovery and merits discovery) shall be commenced in time to be completed by June 1, 2009. The Parties propose that designation of expert witnesses and exchange of expert reports should be completed by April 1, 2009.

**9.    CLASS ACTIONS**

The Plaintiffs seek to certify this case as a national collective action under the FLSA. The Plaintiffs also seek to certify three classes under Fed.R.Civ.P. 23(b)(1), (b)(2), and (b)(3): (1) a national class action for violations of California's unfair business practices; (2) a California class for violations of California state wage and hour laws; and (3) a Kentucky class for violations of Kentucky state wage and hour laws. The classes are defined to include non-exempt employees in assembly, refurbishing, testing, technician or repair positions.

As set forth in section four, the Parties propose Plaintiffs filing their motion

for conditional certification (first-tier analysis) of an FLSA class on or before July 1, 2008. The Parties propose Plaintiffs filing their Rule 23 class certification motion on or before May 1, 2009. Defendants will file their oppositions to these motions within the time limits provided by the Federal Rules of Civil Procedure.

### 10. RELATED CASES

Presently, the parties are unaware of any related cases or proceedings.

### 11. RELIEF

Plaintiffs' prayer for relief is detailed on pages 20 and 21 of the Complaint. Because no discovery responses have been exchanged in this case, Plaintiffs cannot calculate the precise extent of damages to the classes, however, this calculation will be based upon a standard formula, wherein Plaintiffs receive 1.5 or 2 times Plaintiffs' regular rates of pay, multiplied by Plaintiffs' good-faith estimates of hours of overtime worked (see Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946)), plus, in California, premiums for meal and rest periods missed, plus applicable penalties/punitive measures available under the statutes, and liquidated damages, plus interest, attorneys fees and costs. Defendants have not filed any counterclaims and, thus, are not presently seeking any relief from the Court in this matter.

### 12. SETTLEMENT AND ADR

The Parties believe that it is too early in this case to decide on an ADR process. The Parties propose to stipulate to an ADR process on or before November 1, 2008.

### 13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The matter has been assigned to the Honorable U.S. District Court Judge Ronald M. Whyte.  Plaintiffs and Defendants do not consent to assignment to a Magistrate Judge for all purposes.

### 14.  OTHER REFERENCES

The Parties do not agree to binding arbitration, nor do they believe this matter is suitable for reference to a special master, or the Judicial Panel on Multidistrict Litigation.

### 15.  NARROWING OF ISSUES

It is too early in the litigation to determine whether issues can be narrowed for trial to expedite the presentation of evidence.  However, the Parties agree to work in good faith to determine if any issues may be narrowed, as the case progresses.

### 16.  EXPEDITED SCHEDULE

The parties do not believe this matter can be resolved on an expedited schedule.

### 17.  SCHEDULE

Plaintiffs propose the following deadlines:
- Motion for conditional certification – July 1, 2008;
- Motion for Rule 23 class certification – May 1, 2009;
- Discovery completed – June 1, 2009;
- Designation of expert witnesses  and disclosures of expert reports and/or opinions – April 1, 2009;
- Non-dispositive Motion Deadline -  July 1, 2009;
- Dispositive Motion Deadline – September 1, 2009;
- Proposed Trial Date – December 1, 2009, or sixty (60) days from the Court's ruling on any dispositive motions.

**18. Trial**

Plaintiffs have demanded a jury trial. Plaintiffs anticipate a trial to last approximately seven days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs have not yet filed the "Certification of Interested Entities or Persons" pursuant to Civil L.R. 3-16. Defendants have filed their Certification on April 4, 2008, and identified Flextronics International, Inc., as an interested party. Plaintiffs will file their Certificate prior to the Case Management Conference.

Dated: April 8, 2008                NICHOLS KASTER & ANDERSON, PLLP

                                    By: s/Jessica J. Clay
                                        James H. Kaster, #248949
                                        Matthew C. Helland, #250451
                                        Jessica J. Clay, MN # 318772, pro hac vice
                                        ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASSES

Dated: April 7, 2008                LITTLER MENDELSON
                                    A Professional Corporation

                                    By: _____
                                        Robert J. Wilger

                                        ATTORNEYS FOR DEFENDANTS

Firmwide:84788005.1 014692.1110