NICHOLS KASTER & ANDERSON LLP
Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA  94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

NICHOLS KASTER & ANDERSON PLLP
James H. Kaster CA State Bar No. 248949
kaster@nka.com
Jessica J. Clay MN State Bar No. 318772
(**pro hac vice** application forthcoming)
clay@nka.com
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

Attorneys for Individual and Representative Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| | Case No. |
| Mohan Gil, Rodney Carr, Tony Daniel, and Jermaine Wright, individually, on behalf of others similarly situated, and on behalf of the general public, | **CLASS ACTION** |
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** |
| v. | **(1)    Violation of Fair Labor Standards Act, 29 U.S.C, Section 201 et seq.** |
| Solectron Corporation, Flextronics International, USA, Inc., Aerotek, Inc., and DOES 1-10 inclusive, | **(2)    Violation of California Labor Code Sections 510, 1194 and 1198, and IWC Wage Order(s)** |
| Defendants. | **(3)    Waiting Time Penalties (California Labor Code Sections 201-203)** |
| | **(4)    Failure to Provide Itemized Wage Statements (California Labor Code** |

**CLASS ACTION COMPLAINT**

Section 226)

**(5)    Failure to Provide and/or Authorize Meal and Rest Periods (California Labor Code Section 226.7)**

**(6)    Violation of California Business and Professions Code Sections 17200 et seq.**

**(7)    Violation of Kentucky Revised Statute §§ 337.050 and 337.285**

**DEMAND FOR JURY TRIAL**

## PRELIMINARY STATEMENT

1.     This is a collective action, national class action, California class action, and Kentucky class action brought by Individual and Representative Plaintiffs Mohan Gil, Rodney Carr, Tony Daniel, and Jermaine Wright, on their own behalf and on behalf of the proposed Classes identified below.  Plaintiffs and putative class members were or are employed by Defendants Solectron Corporation ("Solectron") and/or Flextronics International USA, Inc. ("Flextronics") as non-exempt employees and were denied overtime compensation and rest and meal periods as required by state wage and hour laws.  These employees are similarly situated under the Federal Rules of Civil Procedure 23.

2.     The National Class is made up of all persons who are or have been employed by Defendants as non-exempt employees in assembly, refurbishing, testing, technician, or repair positions throughout the United States for the period four years prior to the filing date of this Complaint ("the National Class Period").

3.     The California Class is made up of all persons who are or have been employed by Defendants as non-exempt employees in assembly, refurbishing, testing, technician, or repair positions in California for the period four years prior to the filing date of this Complaint ("the California Class Period").

**CLASS ACTION COMPLAINT**

4.      The Kentucky Class is made up of all persons who are or have been employed by Defendants as non-exempt employees in assembly, refurbishing, testing, technician, or repair positions in Kentucky for the period five years prior to the filing date of this Complaint ("the Kentucky Class Period").

5.      The National Collective Class is made up of all persons who are or have been employed by Defendants as non-exempt employees in assembly, refurbishing, testing, technician, or repair positions throughout the United States for the period three years prior to the filing date of this Complaint. ("the National Collective Class Period").

6.      During the relevant Class Periods, Defendants failed to pay overtime compensation to each member of the Class as required by state and federal law.  Plaintiffs seek relief for the Class pursuant to the applicable provisions of state and federal law, to remedy the Defendants' failure to pay all wages due, pay appropriate overtime compensation, to provide meal and rest periods, to pay waiting penalties, and maintain accurate time records, in addition to injunctive relief.

## THE PARTIES

7.      Individual and representative Plaintiff Mohan Gil resides Yuba City, California (Sutter County).  He was employed by Defendant Solectron from approximately 1998 through August 2005 as a non-exempt assembly/tester employee in Solectron's Lincoln, California facility.

8.      Individual and representative Plaintiff Rodney Carr resides in Raleigh, North Carolina (Wake County).  He was employed by Defendant Solectron from approximately 1990 through approximately October 2007.  Carr was employed by Defendant Flextronics from October 2007 to the present.  Carr is currently employed at Flextronic's PBC branch in Raleigh, North Carolina and previously worked at the Creemore facility.  Carr is a non-exempt technician employee.

9.      Individual and representative Plaintiff Tony Daniel resides in Shawnee, Kansas (Shawnee County).  He was employed by Defendant Solectron through Defendant Aerotek, Inc.,

**CLASS ACTION COMPLAINT**

1    a staffing agency, from approximately March 2007 through approximately September 2007 as a

2    non-exempt assembly employee in Solectron's Durham, North Carolina facility.

3         10.    Individual and representative Plaintiff Jermaine Wright resides in Memphis,

4    Tennessee (Shelby County). He was employed by Solectron from approximately June 2006

5    through approximately May 2006 as a non-exempt refurbisher and technician in Solectron's

6    Louisville, Kentucky facility.

7         11.    Defendant Solectron Corporation is a corporation organized under the laws of

8    Delaware, with its corporate headquarters in Milpitas, California (Santa Clara County).

9         12.    Defendant Flextronics International USA, Inc. is a corporation organized under the

10   laws of California. Flextronics International USA, Inc.'s corporate headquarters is in San Jose,

11   California (Santa Clara County). Flextronics International USA, Inc. is a subsidiary of

12   Flextronics International Ltd. Flextronics International Ltd. acquired Solectron Corporation in or

13   around October of 2007.

14        13.    Defendant Aerotek, Inc., is a corporation organized under the laws of Maryland

15   and conducting business in the state of California. Aerotek is a temporary/staffing agency that

16   provided employees to Solectron and/or Flextronics throughout the statutory period.

17        14.    Defendants Does 1-10, inclusive, are sued herein under fictitious names. Their

18   true names and capacities are unknown to Plaintiffs. When their true names and capacities are

19   ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities

20   herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named

21   defendants is responsible in some manner for the occurrences herein alleged, and that the

22   damages of Plaintiffs and the putative class members herein alleged were proximately caused by

23   such Defendants.

24        15.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants

25   herein was, at all times relevant to this action, the agent, employee, representing partner, and/or

26   joint venturer of the remaining Defendants and was acting within the course and scope of the

27   relationship. Plaintiffs are further informed, believe, and thereon allege that each of the

28

**CLASS ACTION COMPLAINT**

1     Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining

2     Defendants.

3                                **JURISDICTION AND VENUE**

4            16.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case

5     is being brought under the FLSA, 29 U.S.C. § 207 et seq.   This Court has supplemental

6     jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7            17.      Venue is proper in the United States District Court, Northern District of California

8     pursuant to 28 U.S.C. § 1391, because Defendants' corporate headquarters are located in Santa

9     Clara County and because a substantial part of the events giving rise to the claims occurred in

10     Santa Clara County.

11           18.      Pursuant to Local Rule 3-2, this action is properly assigned to the San Jose

12     Division of the Northern District of California, because a substantial part of the events giving rise

13     to the claims occurred in Santa Clara County.

14                                **FACTUAL ALLEGATIONS**

15           19.      Plaintiffs and similarly-situated employees are employed, or have been employed,

16     with Solectron, Flextronics, and/or Aerotek in the past five years.   The plaintiffs and similarly-

17     situated employees work assembling and repairing electronics and electronic components.

18           20.      Defendants require Plaintiffs and similarly-situated individuals to pass through

19     security checkpoints at the beginning and end of their shifts.   Plaintiffs and similarly-situated

20     individuals are not paid for the time they spend waiting in line to pass through security.

21           21.      Plaintiffs and similarly-situated individuals are required to wear certain protective

22     gear while performing their jobs.   The purpose of the gear is to prevent static electricity from

23     damaging the electronics and electronic components.   The required gear includes smocks, safety

24     glasses, wrist straps and ankle straps.

25           22.      Plaintiffs and similarly-situated individuals perform unpaid work each morning,

26     including, but not limited to, donning the protective gear and waiting in line to have the gear pass

27     through an electro-static discharge ("ESD") station.   Plaintiffs and similarly-situated individuals

28

**CLASS ACTION COMPLAINT**

1  also perform unpaid work at the end of the work day, including, but not limited to, doffing the
2  protective gear after clocking out.

3      23.    The amount of uncompensated time Plaintiffs and similarly-situated individuals
4  spend or have spent on donning and doffing activities and ESD testing amounts to approximately
5  15 to 20 minutes or more per day, per person. Each person engages in the same donning and
6  doffing activities, and wears generally the same protective gear, on a daily basis.

7      24.    These unpaid work activities were, and continue to be, regularly and uniformly
8  conducted on Solecton's and Flextronic's premises.

9      25.    These unpaid work activities were, and/or continue to be, required by, and solely
10  for the benefit of, Solectron, Flextronics and Aerotek.

11      26.    There was, and continues to be, little variance in the amount of uncompensated
12  time spent by individuals to perform these activities, and the task of recording the time spent on
13  them does not pose a significant administrative burden to Defendants.

14      27.    Plaintiffs and similarly-situated individuals clock in to work at or near the
15  beginning of their workday and clock out at or near the end of their work day, but are paid based
16  on the official start and stop time, which excludes work performed before and after official hours.

17      28.    The exception to this rule is if Plaintiffs or similarly-situated individuals clock in
18  after the official start time, or clock out before the official stop time. If this is the case, Plaintiffs
19  and similarly-situated individuals are paid based on when they clocked in or when they clocked
20  out. In other words, if Plaintiffs or other similarly-situated individuals work less than their
21  regularly scheduled shift, they get docked some pay; however, if they work more than their
22  regularly scheduled shift, they do not get paid more.

23      29.    Defendants regularly fail to provide Plaintiffs and similarly-situated individuals
24  with a thirty minute, uninterrupted meal period each day.

25      30.    Defendants do not pay Plaintiffs or similarly-situated individuals an additional
26  hour of pay when Defendants deny Plaintiffs and similarly-situated individuals their meal and/or
27  rest periods.

28

**CLASS ACTION COMPLAINT**

1    31.    Defendants' conduct, as set forth in this Complaint, was willful and in bad faith,

2    and has caused significant damages to Plaintiffs and similarly-situated individuals.

3    **NATIONAL CLASS ALLEGATIONS**

4    32.    Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal

5    Rules of Civil Procedure 23 on behalf of the following defined class:

6    **Proposed Class**:    All persons who were, are, or will be employed by Solectron

7    Corporation or Flextronics International USA, Inc., whether

8    directly or through the temporary agency Aerotek, as non-exempt

9    employees in assembly, refurbishing, testing, technician, or repair

10    positions throughout the United States within four years of the

11    filing of this Complaint until the final disposition of this case.

12    33.    <u>Numerosity</u>:    The Proposed National Class is so numerous that joinder of all

13    members is impracticable.    Plaintiffs are informed and believe, and on that basis allege, that

14    during the relevant time period, Defendants employed thousands of people who satisfy the

15    definition of the Proposed National Class.

16    34.    <u>Typicality</u>:    The Plaintiffs' claims are typical of the members of the Proposed

17    National Class.    Like other non-exempt employees, Plaintiffs routinely work or have worked

18    more than eight hours per day and more than 40 hours per week during the Class Period.

19    Plaintiffs were subject to Defendants' policy and practice of failing to pay appropriate overtime

20    compensation.

21    35.    <u>Superiority</u>:    A class action is superior to other available methods for the fair and

22    efficient adjudication of the controversy, particularly in the context of wage and hour litigation

23    where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits

24    in court against a large corporate defendant.

25    36.    <u>Adequacy</u>:    Plaintiffs will fairly and adequately protect the interests of the

26    Proposed National Class, and Plaintiffs have retained counsel experienced in complex wage and

27    hour class litigation.

28

-7-

**CLASS ACTION COMPLAINT**

37.     Commonality: Common questions of law and fact exist to all members of the Proposed National Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

      A.  Whether Defendants had and continue to have a uniform policy of failing to pay appropriate overtime compensation under the FLSA, 29 U.S.C, § 201 et seq.

      B.  Whether Defendants' conduct violated and continues to violate the California Unfair Competition Law ("UCL") as set forth in the Business and Professions Code §§ 17200 et seq. by violating state law as set forth herein;

      C.  Whether Defendants' conduct emanates from California such that the UCL may be appropriately applied to the class of nationwide plaintiffs;

      D.  The proper measure of damages sustained by the Proposed Class; and

      E.  Whether Defendants' actions are "willful."

38.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

39.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed National Class predominate over any questions affecting only individual members of the Proposed National Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied and continue to deny the Proposed National Class the overtime pay to which they are entitled. The damages suffered by the individual Proposed National Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior

CLASS ACTION COMPLAINT

because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

40.     Plaintiffs intend to send notice to all members of the Proposed National Class to the extent required by Rule 23.  The names and addresses of the Proposed National Class are available from Defendant.

## CALIFORNIA CLASS ALLEGATIONS

41.     Plaintiff Mohan Gil as class representative (the "California Class Representative") brings the Second, Third, Fourth and Fifth Claims for Relief on his own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure 23 on behalf of the following defined class:

**Proposed Class:**     All persons who were, are, or will be employed by Solectron Corporation or Flextronics International USA, Inc., whether directly or through the temporary agency Aerotek, as non-exempt employees in assembly, refurbishing, testing, technician, or repair positions in the state of California within four years of the filing of this Complaint until the final disposition of this case.

42.     Numerosity:     The Proposed California Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed thousands of people who satisfy the definition of the Proposed California Class.

43.     Typicality:     Plaintiff's claims are typical of the members of the Proposed California Class.  Like other non-exempt employees, Plaintiff routinely worked more than eight hours per day and more than 40 hours per week during the Class Period.  Plaintiff was subject to Defendants' policy and practice of failing to pay appropriate overtime compensation, failing to provide or authorize meal and rest breaks in compliance with California law, failing to maintain accurate time records of hours worked by the Proposed California Class, and failing to compensate employees fully and timely at the conclusion of their employment.

-9-

**CLASS ACTION COMPLAINT**

44.    Superiority:    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in court against a large corporate defendant.

45.    Adequacy:    Plaintiff will fairly and adequately protect the interests of the Proposed California Class, and Plaintiff has retained counsel experienced in complex wage and hour class litigation.

46.    Commonality: Common questions of law and fact exist to all members of the Proposed California Class and predominate over any questions solely affecting individual members of the Proposed California Class, including but not limited to:

A.    Whether Defendants unlawfully failed and continue to fail to pay appropriate overtime compensation to members of the Proposed Class in violation of the California Labor Code §§ 510 and 1194 and applicable Industrial Welfare Commission ("IWC") Wage Order(s);

B.    Whether Defendants employ and employed Plaintiff and members of the Proposed Class within the meaning of the California law;

C.    Whether Plaintiff and the Proposed Class members who are no longer employed with Defendants are entitled to waiting time penalties pursuant to California Labor Code § 203;

D.    Whether Defendants' policies and practices provide and/or authorize meal and rest periods in compliance with California Labor Code § 226.7;

E.    Whether Defendants provide adequate itemized wage statements to Plaintiff and the Class pursuant to Labor Code § 226;

F.    Whether Defendants' conduct violates the California Unfair Practices Act set forth in the Business and Professions Code § 17200 et seq. by violating state law as set forth herein;

G.    The proper measure of damages sustained by the Proposed Class; and

H.    Whether Defendants' actions are "willful."

CLASS ACTION COMPLAINT

47.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

48.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed California Class predominate over any questions affecting only individual members of the Proposed California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.    Defendants' common and uniform policies and practices denied the Proposed California Class the overtime pay to which they are entitled.    The damages suffered by the individual Proposed California Class members are small compared to the expense and burden of individual prosecution of this litigation.    In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

49.    Plaintiffs intend to send notice to all members of the Proposed California Class to the extent required by Rule 23.    The names and addresses of the Proposed California Class are available from Defendant.

## **KENTUCKY CLASS ALLEGATIONS**

50.    Plaintiff Jermaine Wright as class representative (the "Kentucky Class Representative") brings the Seventh Claim for Relief on his own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure 23 on behalf of the following defined class:

**Proposed Class:**    All persons who were, are, or will be employed by Solectron Corporation or Flextronics International USA, Inc., whether directly or through the temporary agency Aerotek, as non-exempt employees in assembly, refurbishing, testing, technician, or repair

-11-

**CLASS ACTION COMPLAINT**

1    positions in the state of Kentucky within five years of the filing of

2    this Complaint until the final disposition of this case.

3    51.    Numerosity:    The Proposed Kentucky Class is so numerous that joinder of all

4    members is impracticable.    Plaintiff is informed and believes, and on that basis alleges, that

5    during the relevant time period, Defendants employed thousands of people who satisfy the

6    definition of the Proposed Kentucky Class.

7    52.    Typicality:    Plaintiff's claims are typical of the members of the Proposed

8    Kentucky Class.  Like other non-exempt employees, Plaintiff routinely worked more than eight

9    hours per day and more than 40 hours per week during the Kentucky Class Period.  Plaintiff was

10   subject to Defendants' policy and practice of failing to pay appropriate overtime compensation.

11   53.    Superiority:    A class action is superior to other available methods for the fair and

12   efficient adjudication of the controversy, particularly in the context of wage and hour litigation

13   where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits

14   in court against a large corporate defendant.

15   54.    Adequacy:    Plaintiff will fairly and adequately protect the interests of the

16   Proposed Kentucky Class, and Plaintiff has retained counsel experienced in complex wage and

17   hour class litigation.

18   55.    Commonality: Common questions of law and fact exist to all members of the

19   Proposed Kentucky Class and predominate over any questions solely affecting individual

20   members of the Proposed Kentucky Class, including but not limited to:

21   A.    Whether Defendants unlawfully failed and continue to fail to pay appropriate

22   overtime compensation to members of the Proposed Class in violation of the Kentucky

23   Revised Statute §§ 337.050 and 337.285;

24   B.    Whether Defendants employ and employed Plaintiff and members of the Proposed

25   Class within the meaning of Kentucky law;

26   C.    The proper measure of damages sustained by the Proposed Class; and

27   D.    Whether Defendants' actions are "willful."

28

-12-

CLASS ACTION COMPLAINT

56.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

57.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Kentucky Class predominate over any questions affecting only individual members of the Proposed Kentucky Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.    Defendants' common and uniform policies and practices denied the Proposed Kentucky Class the overtime pay to which they are entitled.    The damages suffered by the individual Proposed Kentucky Class members are small compared to the expense and burden of individual prosecution of this litigation.    In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

58.     Plaintiffs intend to send notice to all members of the Proposed Kentucky Class to the extent required by Rule 23.    The names and addresses of the Proposed Kentucky Class are available from Defendant.

## COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiffs bring this action on behalf of themselves and other similarly-situated employees as authorized under the Fair Labor Standards Act ("FLSA") § 16(b), 29 U.S.C. § 216(b). The employees similarly situated are:

**Proposed Class:**     All persons who were, are, or will be employed by Solectron Corporation or Flextronics International USA, Inc., whether directly or through the temporary agency Aerotek, as non-exempt employees in assembly, refurbishing, testing, technician, or repair

-13-

**CLASS ACTION COMPLAINT**

positions throughout the United States within three years of the filing of this Complaint until the final disposition of this case.

60.    Upon information and belief, Defendants suffered and permitted and continue to suffer and permit Plaintiffs and the Collective Class to work more than forty hours per week without overtime compensation.

61.    Defendants' unlawful conduct has been and continues to be, widespread, repeated and consistent.

62.    Upon information and belief, Defendants know that Plaintiffs and similarly-situated individuals performed and continue to perform work that requires overtime pay and missed meal and/or rest periods.  Defendants operate under a scheme to deprive these employees of overtime and meal/rest period compensation by failing to properly compensate them for all hours worked.

63.    Defendants' conduct, as set forth in this Complaint, is willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

64.    Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly-situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  The names and addresses of the Collective Class are available from Defendant.

**FIRST CLAIM FOR RELIEF**

**(Failure to Pay Overtime Compensation in Violation of the**

**Fair Labor Standards Act)**

**On Behalf of Plaintiffs and the Nationwide FLSA Collective Class**

65.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

CLASS ACTION COMPLAINT

66.    Plaintiffs Gil, Carr, Daniel, and Wright consent in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b).  (See attached Exhibit A).  Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

67.    At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendants have employed and continue to employ employees, like Plaintiffs and the Collective Class.

68.    The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

69.    During their employment with Defendants, within the applicable statute of limitations, Plaintiffs worked in excess of forty hours per workweek without overtime compensation.  Despite the hours worked by Plaintiffs, Defendants willfully, in bad faith, and in knowing violation of the Federal FLSA, failed and refused to pay them overtime compensation.

70.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

71.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

72.    Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

73.    Plaintiffs seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of California Law)**

CLASS ACTION COMPLAINT

**On Behalf of the California Class Representative and California Class**

74.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

75.    At all relevant times herein, IWC Wage Order No. 1 (8 C.C.R. § 11010) and California Labor Code §510 required an employer, such as Defendants, to pay overtime premium(s) for hours worked in excess of eight (8) in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the IWC, or under conditions prohibited by the applicable wage orders of the IWC.

76.    Plaintiffs are informed and believe, and thereon allege, that members of the Class worked in excess of eight (8) hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay members of the California Class the overtime required in violation of IWC Wage Order 1 (8 C.C.R. § 11010), as amended during the Class Period, and the California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiffs and the other California Class Members are entitled to recover their unpaid overtime compensation.

77.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial.

## THIRD CLAIM FOR RELIEF

### (Waiting Time Penalties in Violation of California Law)

**On Behalf of the California Class Representative and California Class**

78.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

79.    During the relevant time period, many California Class members were employed by and thereafter terminated by or resigned from their positions with Defendants. Defendants, however, willfully failed to pay such California Class Members all wages owed them (including overtime wages) within the time limits set forth in California Labor Code §§ 201 and 202.

**CLASS ACTION COMPLAINT**

80.     Under Labor Code §§ 201, 202, and 203, those California Class Members who no longer work for Defendants are entitled to waiting time penalties for Defendants' willful failure to timely pay all wages owed upon separation of their employment.

### FOURTH CLAIM FOR RELIEF

**(Failure to Provide Accurate Itemized Wage Statements in Violation of California Law)**

**On Behalf of the California Class Representative and California Class**

81.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

82.     California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys fees and costs.

83.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiffs and the California Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiffs and the California Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Plaintiffs and the California Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Pursuant to Labor Code § 226(g), Plaintiffs and the California Class are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

### FIFTH CLAIM FOR RELIEF

**(Failure to Provide Rest Breaks and Meal Periods in Violation**

**of California Law)**

**On Behalf of the California Class Representative and California Class**

-17-

84.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

85.    California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

86.    Section 11 of Wage Order No. 1 provides (and at all times relevant hereto provided) in relevant part that:

(A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

(B)    An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

-18-

CLASS ACTION COMPLAINT

1            (E) In all places of employment where employees are required to eat on

2    the premises, a suitable place for that purpose shall be designated.

3        87.    California Labor Code § 226.7 prohibits any employer from requiring any

4    employee to work during any meal or rest period mandated by an applicable IWC wage order,

5    and provides that an employer that fails to provide an employee with a required rest break or meal

6    period shall pay that employee one additional hour of pay at the employee's regular rate of

7    compensation for each work day that the employer does not provide a compliant meal or rest

8    period.

9        88.    Defendants failed to provide Plaintiffs and California Class Members with meal

10    periods as required by law.  Plaintiffs and the California Class Members are therefore entitled to

11    payment of the meal and rest period premiums as provided by law.

12    **SIXTH CLAIM FOR RELIEF**

13    **(Unfair Practice under the Unfair Competition Act)**

14    **On Behalf of Plaintiffs and the Nationwide Class**

15        89.    Plaintiffs allege and incorporate by reference the allegations in the preceding

16    paragraphs.

17        90.    Section 17200 of the California Business and Professions Code — California's

18    Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful

19    or unfair business acts or practices.  The foregoing conduct by Defendants, as alleged, constitutes

20    unlawful business actions and practices in violation of §§ 17200, et seq.

21        91.    Pursuant to Business and Professions Code §§ 17200 et seq., Plaintiffs and the

22    National Class Members are entitled to:  restitution of the overtime earnings and other unpaid

23    wages and premiums alleged herein that Defendants have improperly withheld and retained

24    during a period that commences four years prior to the filing of this action; a permanent

25    injunction requiring Defendants to pay minimum wage and overtime to all workers as defined

26    herein; in California, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5;

27    and other applicable law, and costs.

28

-19-

**CLASS ACTION COMPLAINT**

92.    Defendants made the decisions to deny Plaintiffs and the California Class Members overtime compensation from the state of California.

### SEVENTH CLAIM FOR RELIEF

#### (Failure to Pay Overtime Compensation in Violation of Kentucky Law)

#### On Behalf of the Kentucky Class Representative and Kentucky Class

93.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

94.    At all relevant times herein, Kentucky Revised Statute §§ 337.050 and 337.285(1) required an employer, such as Defendants, to pay overtime premium(s) for hours worked in excess of 40 in a given workweek, or on the seventh day worked in a single workweek.

95.    Plaintiffs are informed and believe, and thereon allege, that members of the Kentucky Class worked in excess of 40 hours per week, and Defendants unlawfully failed to pay members of the Kentucky Class the overtime required in violation of § 337.050 and 337.285 during the Kentucky Class Period.  Pursuant to Kentucky Revised Statute § 337.385, Plaintiffs and the other Kentucky Class Members are entitled to recover their unpaid overtime compensation.

96.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Kentucky Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial.

### PRAYER FOR RELIEF

1.    WHEREFORE, Plaintiffs on behalf of themselves and all members of the Proposed Classes, pray for relief as follows:

A.    That the Court determine that this action may proceed as the specified class actions under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B.    That Defendants are found to have violated the overtime provisions of the Fair Labor Standards Act, California Labor Code and Wage Orders, and Kentucky Revised Statutes, as to Plaintiffs and the Class;

-20-

**CLASS ACTION COMPLAINT**

1      C.      That Defendants are found to have violated §§ 201, 202, and 203 of the

2                California Labor Code for willful failure to pay all compensation owed at

3                the time of separation to Plaintiffs and the Class;

4      D.      That Defendants are found to have violated California Labor Code § 226

5                for knowing and intentional failure to provide the required wage statements

6                to Plaintiffs and the Class;

7      E.      That Defendants are found to have violated California Labor Code § 226.7

8                and applicable IWC Wage Order(s) regarding meal and rest periods;

9      G.      That Defendants' violations as described above are found to be willful;

10     H.      An award to Plaintiffs and the Class for damages and the amount of unpaid

11               wages owed, including interest thereon, and penalties subject to proof at

12               trial;

13     I.      That Defendants be ordered and enjoined to pay restitution to Plaintiffs and

14               the National Class due to Defendants' unlawful activities, pursuant to

15               California Business and Professions Code §§ 17200, et seq.;

16     J.      That Defendants further be enjoined to cease and desist from unlawful

17               activities in violation of California Business and Professions Code §§

18               17200, et seq.;

19     K.      An award of reasonable attorneys' fees and costs;

20     L.      For such other and further relief, in law or equity, as this Court may deem

21               appropriate and just.

22                          **<u>DEMAND FOR JURY TRIAL</u>**

23 Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on

24 behalf of all others similarly situated, demand a trial by jury.

25

26

27

28

**CLASS ACTION COMPLAINT**

1    Dated: July 21, 2008                      NICHOLS KASTER & ANDERSON, LLP

2                                              By: _____

3                                                  Jessica Clay
                                                   ATTORNEYS FOR PLAINTIFFS AND
4                                                  THE PUTATIVE CLASS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**CLASS ACTION COMPLAINT**