GARRY G. MATHIASON, Bar No. 051119
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433-1940
Fax: 415.399-8490
gmathiason@littler.com

ROBERT J. WILGER, Bar No. 168402
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street, 15th Floor
San Jose, CA 95113
Telephone: 408.998-4150
Fax: 408.288-5686
rwilger@littler.com

Attorneys for Defendants
SOLECTRON CORPORATION, FLEXTRONICS INTERNATIONAL, USA, INC. and AEROTEK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAN GIL, RODNEY CARR, JERMAINE V. WRIGHT and TONY DANIEL, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SOLECTRON CORPORATION, FLEXTRONICS INTERNATIONAL, USA, INC., AEROTEK, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No. C-07-06414 (RMW)<br><br>**DEFENDANT AEROTEK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** |

Defendant Aerotek, Inc. ("Defendant"), by and through its attorney, for its Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint for Damages, Restitution and Injunctive Relief ("Complaint"), and responding to the corresponding numbered paragraphs of Plaintiffs' Complaint, states as follows:

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. C-07-06414 RMW

Def Aerotek's Answer to First Amended Complaint

## PRELIMINARY STATEMENT

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiffs purport to bring a collective and class action on behalf of themselves and others. Defendant further admits that Plaintiff Daniel was employed by Defendant Aerotek, Inc., as a non-exempt employee. Except as so specifically admitted Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Answering Paragraph 2 of the Complaint, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Answering Paragraph 3 of the Complaint, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Answering Paragraph 4 of the Complaint, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Answering Paragraph 5 of the Complaint, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Answering Paragraph 6 of the Complaint, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

## THE PARTIES

7. Answering Paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint,, and on that basis denies the allegations contained in Paragraph 7 of the Complaint.

8. Answering Paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint,, and on that basis denies the allegations contained in Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of the Complaint, Defendant admits that Plaintiff Daniel was employed by Defendant and assigned to work at Solectron's Durham, North Carolina facility, as a non-exempt assembly employee, from approximately April 2007 through approximately September 2007. Defendant is without knowledge or information sufficient to form a belief as to where Plaintiff Daniel currently resides, and on that basis denies that allegation. Except as so

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

CASE NO. C-07-06414 RMW            2.            Def Aerotek's Answer to First Amended Complaint

1  specifically admitted, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

2        10.    Answering Paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint,, and on that basis denies the allegations contained in Paragraph 10 of the Complaint.

      11.    Answering Paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint,, and on that basis denies the allegations contained in Paragraph 11 of the Complaint.

      12.    Answering Paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint,, and on that basis denies the allegations contained in Paragraph 12 of the Complaint.

      13.    Answering Paragraph 13 of the Complaint, Defendant admits that it is a corporation organized under the laws of the State of Maryland and that it conducts business in the State of California. Defendant also admits that it is a temporary/staffing agency that provides and has provided employees to Solectron and/or Flextronics. Except as so specifically admitted, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

      14.    Answering Paragraph 14 of the Complaint, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

      15.    Answering Paragraph 15 of the Complaint, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## JURISDICTION AND VENUE

      16.    Answering Paragraph 16 of the Complaint, Defendant denies violating any laws or taking any actions what would support the claims in Plaintiffs' Complaint and give the Court jurisdiction over Plaintiffs' claims. Defendant admits that Plaintiffs purport to bring claims arising under this Court's original jurisdiction pursuant to 28 U.S.C. section 1331 and that Plaintiffs purport to allege claims arising under this Court's supplemental jurisdiction. Defendant also admits that Plaintiffs purport to bring this case under the FLSA, 29 U.S.C. section 207 et seq.

      17.    Answering Paragraph 17 of the Complaint, Defendant denies violating any laws or taking any actions what would support the claims in Plaintiffs' Complaint and make venue

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

CASE NO. C-07-06414 RMW      3.      Def Aerotek's Answer to First Amended Complaint

proper in the United States District Court, Northern District of California, pursuant to 28 U.S.C. section 1391. Defendant denies that its corporate headquarters are located in Santa Clara County, California. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that the other Defendants' headquarters are in Santa Clara County and that a substantial part of the events giving rise to the claims occurred in Santa Clara County and, therefore, on that basis further denies the allegations contained in Paragraph 17 of the Complaint.

18. Answering Paragraph 18 of the Complaint, Defendant denies violating any laws or taking any actions that would support the claims in Plaintiffs' Complaint and make venue proper in the San Jose Division of the United States District Court, Northern District of California, pursuant to Northern District Local Rule 3-2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that a substantial part of the events giving rise to the claims occurred in Santa Clara County and, therefore, on that basis further denies the allegations contained in Paragraph 18 of the Complaint.

## FACTUAL ALLEGATIONS

19. Answering Paragraph 19 of the Complaint, Defendant admits that Plaintiff Daniel was employed with Aerotek in the past five years assembling and/or repairing electronics and electronic components. Defendant denies that the other Plaintiffs were employed by Aerotek. Defendant denies that this action is appropriate for treatment as either a collective action or a class action and that it should be maintained on behalf of persons other than Plaintiffs. Defendant also denies that Plaintiffs are or were similarly situated to each other or any other Aerotek, Solectron or Flextronics employees. Except as so specifically admitted, Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Answering Paragraph 20 of the Complaint, Defendant denies it required Plaintiffs and similarly situated individuals to pass through security checkpoints. Defendant denies that Plaintiff Daniel was not compensated as required by the applicable federal and state laws for the time spent waiting in line, if any, to pass through security. Defendant further denies that this action is appropriate for treatment as either a collective action or a class action and that it should be maintained on behalf of persons other than Plaintiffs. Defendant also denies that Plaintiffs are or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose CA 95113 2303
408 998 4150

CASE NO. C-07-06414 RMW           4.           Def Aerotek's Answer to First Amended Complaint

were similarly situated to each other or any other Aerotek, Solectron or Flextronics employees. Except as so specifically denied, Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Answering Paragraph 21 of the Complaint, Defendant admits that Plaintiff Daniel and/or other Aerotek employees are or were required to wear certain protective gear while performing their jobs. Defendant further admits that this protective gear could have included smocks, safety glasses, wrist straps and ankle straps. Defendant also admits that a purpose of certain protective gear is to prevent static electricity from damaging electronics and electronic components. Defendant denies that this action is appropriate for treatment as either a collective action or a class action and that it should be maintained on behalf of persons other than Plaintiffs. Defendant also denies that Plaintiffs are or were similarly situated to each other or any other Aerotek, Solectron or Flextronics employees. Except as so specifically admitted, Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Answering Paragraph 22 of the Complaint, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Answering Paragraph 23 of the Complaint, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Answering Paragraph 24 of the Complaint, Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Answering Paragraph 25 of the Complaint, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Answering Paragraph 26 of the Complaint, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Answering Paragraph 27 of the Complaint, Defendant admits that Plaintiff Daniel and other employees are or were required to clock in at the beginning of their workday and to clock out at the end of their work day. Defendant denies that this action is appropriate for treatment as either a collective action or a class action and that it should be maintained on behalf of persons other than Plaintiffs. Defendant also denies that Plaintiffs are or were similarly situated to each

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

CASE NO. C-07-06414 RMW                     5.              Def Aerotek's Answer to First Amended Complaint

other or any other Aerotek, Solectron or Flextronics employees. Except as so specifically admitted, Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Answering Paragraph 28 of the Complaint, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Answering Paragraph 29 of the Complaint, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Answering Paragraph 30 of the Complaint, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Answering Paragraph 31 of the Complaint, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

## NATIONAL CLASS ALLEGATIONS

32. Answering Paragraph 32 of the Complaint, Defendant admits that Plaintiffs purport to bring a nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendant denies that this action is appropriate for treatment as a class action or that it should be maintained on behalf of any persons other than Plaintiffs. Defendant also denies that Plaintiffs are or were similarly situated to each other or any other Aerotek, Solectron or Flextronics employees. Except as so specifically admitted, Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Answering Paragraph 33 of the Complaint, Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Answering Paragraph 34 of the Complaint, Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Answering Paragraph 35 of the Complaint, Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Answering Paragraph 36 of the Complaint, Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Answering Paragraph 37 of the Complaint, Defendant denies the allegations contained in Paragraph 37 and each subpart of Paragraph 37 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

CASE NO. C-07-06414 RMW            6.            Def Aerotek's Answer to First Amended Complaint

38. Answering Paragraph 38 of the Complaint, Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Answering Paragraph 39 of the Complaint, Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Answering Paragraph 40 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs intend to send notice to all members of the Proposed National Class and that Defendant has available to them the names and current addresses of all members of the Proposed National Class and, therefore, on that basis denies the allegations contained in Paragraph 40 of the Complaint.

**CALIFORNIA CLASS ALLEGATIONS**

41. Answering Paragraph 41 of the Complaint, Defendant admits that Plaintiff Gil purports to bring a California class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendant denies that this action is appropriate for treatment as a class action or that it should be maintained on behalf of any persons other than Plaintiff Gil. Defendant also denies that Plaintiff Gil is or was similarly situated to any other Aerotek, Solectron or Flextronics employees. Except as so specifically admitted, Defendant denies the remaining allegations contained in Paragraph 41 of the Complaint.

42. Answering Paragraph 42 of the Complaint, Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Answering Paragraph 43 of the Complaint, Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Answering Paragraph 44 of the Complaint, Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Answering Paragraph 45 of the Complaint, Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Answering Paragraph 46 of the Complaint, Defendant denies the allegations contained in Paragraph 46 and each subpart of Paragraph 46 of the Complaint.

47. Answering Paragraph 47 of the Complaint, Defendant denies the allegations

contained in Paragraph 47 of the Complaint.

48. Answering Paragraph 48 of the Complaint, Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Answering Paragraph 49 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs intend to send notice to all members of the Proposed California Class and that Defendant has available to them the names and current addresses of all members of the Proposed California Class and, therefore, on that basis denies the allegations contained in Paragraph 49 of the Complaint.

## KENTUCKY CLASS ALLEGATIONS

50. Answering Paragraph 50 of the Complaint, Defendant admits that Plaintiff Wright purports to bring a Kentucky class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendant denies that this action is appropriate for treatment as a class action or that it should be maintained on behalf of any persons other than Plaintiff Wright. Defendant also denies that Plaintiff Wright is or was similarly situated to any other Aerotek, Solectron or Flextronics employees. Except as so specifically admitted, Defendant denies the remaining allegations contained in Paragraph 50 of the Complaint.

51. Answering Paragraph 51 of the Complaint, Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Answering Paragraph 52 of the Complaint, Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Answering Paragraph 53 of the Complaint, Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Answering Paragraph 54 of the Complaint, Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Answering Paragraph 55 of the Complaint, Defendant denies the allegations contained in Paragraph 55 and each subpart of Paragraph 55 of the Complaint.

56. Answering Paragraph 56 of the Complaint, Defendant denies the allegations contained in Paragraph 56 of the Complaint.

A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.996.4150

CASE NO. C-07-06414 RMW                 8.                 Def Aerotek's Answer to First Amended Complaint

57. Answering Paragraph 57 of the Complaint, Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Answering Paragraph 58 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs intend to send notice to all members of the Proposed Kentucky Class and that Defendant has available to them the names and current addresses of all members of the Proposed Kentucky Class and, therefore, on that basis denies the allegations contained in Paragraph 58 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

59. Answering Paragraph 59 of the Complaint, Defendant admits that Plaintiffs purport to bring this action on behalf of themselves and on behalf of other allegedly similarly situated employees pursuant to 29 U.S.C. section 216(b). Defendant denies that this action is appropriate for treatment as a collective action or that is should be maintained on behalf of any persons other than Plaintiffs. Defendant also denies that Plaintiffs are or were similarly situated to each other or any other Aerotek, Solectron or Flextronics employees. Except as so specifically admitted, Defendant denies the remaining allegations contained in Paragraph 59 of the Complaint.

60. Answering Paragraph 60 of the Complaint, Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Answering Paragraph 61 of the Complaint, Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Answering Paragraph 62 of the Complaint, Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Answering Paragraph 63 of the Complaint, Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Answering Paragraph 64 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant has available to them the names and current addresses of all members of the Proposed Collective Class and, therefore, on that basis denies that allegation. Defendant otherwise denies the remaining allegations contained in Paragraph 64 of the Complaint.

CASE NO. C-07-06414 RMW      9.      Def Aerotek's Answer to First Amended Complaint

# FIRST CLAIM FOR RELIEF

## (Failure to Pay Overtime Compensation in Violation of the FLSA)

### On Behalf of Plaintiffs and the Nationwide FLSA Collective Class

65. Answering Paragraph 65 of the Complaint, which incorporates by reference the allegations of Paragraphs 1 through 64 of the Complaint, Defendant incorporates herein by reference its answers to said Paragraphs in this Answer.

66. Answering Paragraph 66 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs have signed consent forms to join this lawsuit, that such consent forms are attached to the Complaint or that Plaintiffs anticipate that other individuals will sign consent forms and join the lawsuit as plaintiffs and, therefore, on that basis denies the allegations contained in Paragraph 66 of the Complaint.

67. Answering Paragraph 67 of the Complaint, Defendant admits that it employed Plaintiff Daniel and other employees. Defendant denies that Plaintiffs Gil, Carr and Wright were employed by Aerotek. Defendant denies that this action is appropriate for treatment as a collective action or that is should be maintained on behalf of any persons other than Plaintiffs. Defendant also denies that Plaintiffs are or were similarly situated to each other or any other Aerotek, Solectron or Flextronics employees. Defendant affirmatively states that the allegation that Defendant has been and continues to be an "employer" within the meaning the FLSA, 20 U.S.C. section 203 is a legal conclusion to which no response is required and the statutory provisions of the FLSA speak for themselves. Except as so specifically admitted, Defendant denies the remaining allegations contained in Paragraph 67 of the Complaint.

68. Answering Paragraph 68 of the Complaint, Defendant affirmatively states that Paragraph 68 asserts a legal conclusion to which no response is required and that the statutory provisions of the FLSA speak for themselves.

69. Answering Paragraph 69 of the Complaint, Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Answering Paragraph 70 of the Complaint, Defendant denies the allegations contained in Paragraph 70 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

CASE NO. C-07-06414 RMW   10.   Def Aerotek's Answer to First Amended Complaint

1  71. Answering Paragraph 71 of the Complaint, Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Answering Paragraph 72 of the Complaint, Defendant admits that Plaintiffs purport to seek damages under the FLSA, but denies that Plaintiffs are entitled to the relief sought or any other relief that may be available under the FLSA. Except as so specifically admitted, Defendant denies the remaining allegations contained in Paragraph 72 of the Complaint.

73. Answering Paragraph 73 of the Complaint, Defendant admits that Plaintiffs purport to seek attorneys' fees and costs under the FLSA, but denies that Plaintiffs are entitled to the relief sought or any other relief that may be available under the FLSA. Except as so specifically admitted, Defendant denies the remaining allegations contained in Paragraph 73 of the Complaint.

**SECOND CLAIM FOR RELIEF**

**(Failure to Pay Overtime Compensation in Violation of California Law)**

**On Behalf of the California Class Representative and California Class**

74. Answering Paragraph 74 of the Complaint, which incorporates by reference the allegations of Paragraphs 1 through 73 of the Complaint, Defendant incorporates herein by reference its answers to said Paragraphs in this Answer.

75. Answering Paragraph 75 of the Complaint, Defendant affirmatively states that Paragraph 75 asserts a legal conclusion to which no response is required and that the statutory provisions of the California Wage Orders and Labor Code speak for themselves.

76. Answering Paragraph 76 of the Complaint, Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Answering Paragraph 77 of the Complaint, Defendant denies the allegations contained in Paragraph 77 of the Complaint.

**THIRD CLAIM FOR RELIEF**

**(Waiting Time Penalties in Violation of California Law)**

**On Behalf of the California Class Representative and California Class**

78. Answering Paragraph 77 of the Complaint, which incorporates by reference the allegations of Paragraphs 1 through 77 of the Complaint, Defendant incorporates herein by

1  reference its answers to said Paragraphs in this Answer.

2        79.    Answering Paragraph 79 of the Complaint, Defendant admits that Plaintiffs purport to bring this action on behalf of other allegedly similarly situated employees who were employed by Defendant and have since been terminated by or resigned their positions with Defendant. Defendant denies that this action is appropriate for treatment as a class action or that it should be maintained on behalf of any persons other than Plaintiffs. Defendant also denies that Plaintiffs are or were similarly situated to each other or any other Aerotek, Solectron or Flextronics employees. Except as so specifically admitted, Defendant denies the remaining allegations contained in Paragraph 79 of the Complaint.

      80.    Answering Paragraph 80 of the Complaint, Defendant denies the allegations contained in Paragraph 80 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### (Failure to Provide Accurate Itemized Wage Statements in Violation of California Law)

### On Behalf of the California Class Representative and California Class

      81.    Answering Paragraph 81 of the Complaint, which incorporates by reference the allegations of Paragraphs 1 through 80 of the Complaint, Defendant incorporates herein by reference its answers to said Paragraphs in this Answer.

      82.    Answering Paragraph 82 of the Complaint, Defendant affirmatively states that Paragraph 82 asserts a legal conclusion to which no response is required and that the statutory provisions of the California Labor Code speak for themselves.

      83.    Answering Paragraph 83 of the Complaint, Defendant denies the allegations contained in Paragraph 83 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### (Failure to Provide Rest Breaks and Meal Periods in Violation of California Law)

### On Behalf of the California Class Representative and California Class

      84.    Answering Paragraph 84 of the Complaint, which incorporates by reference the allegations of Paragraphs 1 through 83 of the Complaint, Defendant incorporates herein by reference its answers to said Paragraphs in this Answer.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. C-07-06414 RMW        12.        Def Aerotek's Answer to First Amended Complaint

85. Answering Paragraph 85 of the Complaint, Defendant affirmatively states that Paragraph 85 asserts a legal conclusion to which no response is required and that the statutory provisions of the California Wage Orders and Labor Code speak for themselves.

86. Answering Paragraph 86 of the Complaint, Defendant affirmatively states that Paragraph 86, and each of its subparts, asserts a legal conclusion to which no response is required and that the statutory provisions of the California Wage Orders speak for themselves.

87. Answering Paragraph 87 of the Complaint, Defendant affirmatively states that Paragraph 87 asserts a legal conclusion to which no response is required and that the statutory provisions of the California Labor Code speak for themselves.

88. Answering Paragraph 88 of the Complaint, Defendant denies the allegations contained in Paragraph 88 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### (Unfair Practice under the Unfair Competition Act)

### On Behalf of Plaintiffs and the Nationwide Class

89. Answering Paragraph 89 of the Complaint, which incorporates by reference the allegations of Paragraphs 1 through 88 of the Complaint, Defendant incorporates herein by reference its answers to said Paragraphs in this Answer.

90. Answering Paragraph 90 of the Complaint, Defendant affirmatively states that Paragraph 90 asserts a legal conclusion to which no response is required and that the statutory provisions of the California Business and Professions Code speak for themselves. Defendant denies it engaged in any conduct that constitutes unlawful business actions and practices in violation of California law as alleged in Paragraph 90 of the Complaint.

91. Answering Paragraph 91 of the Complaint, Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92. Answering Paragraph 92 of the Complaint, Defendant denies the allegations contained in Paragraph 92 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

### (Failure to Pay Overtime Compensation in Violation of Kentucky Law)

### On Behalf of the Kentucky Class Representative and Kentucky Class

93. Answering Paragraph 93 of the Complaint, which incorporates by reference the allegations of Paragraphs 1 through 92 of the Complaint, Defendant incorporates herein by reference its answers to said Paragraphs in this Answer.

94. Answering Paragraph 94 of the Complaint, Defendant affirmatively states that Paragraph 94 asserts a legal conclusion to which no response is required and that the statutory provisions of the Kentucky Revised Statutes speak for themselves.

95. Answering Paragraph 95 of the Complaint, Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96. Answering Paragraph 96 of the Complaint, Defendant denies the allegations contained in Paragraph 95 of the Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

96. Defendant denies that Plaintiffs or any other putative class member, whether under the FLSA, California law or Kentucky law, are entitled to any relief sought in Paragraph 1 of Plaintiffs' Prayer for Relief, and each subpart, or to any other relief whatsoever.

## DEMAND OF JURY TRIAL

97. Defendant admits that Plaintiffs purport to demand a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, but denies that Plaintiffs are entitled to a jury trial on all claims made in the Complaint. Defendant further denies that Plaintiffs are similarly situated to each other or any other current or former employees of Defendant.

98. Unless otherwise expressly admitted, Defendant denies each and every allegation in Plaintiffs' Complaint.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative and other defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

CASE NO. C-07-06414 RMW                14.                Def Aerotek's Answer to First Amended Complaint

## FIRST DEFENSE

The complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. section 255(a); the five-year limitations period contained in Kentucky Revised Statutes section 413.120; the three-year limitations period contained in California Code of Civil Procedure section 338(a); the one-year limitations period governing recovery of statutory penalties contained in California Code of Civil Procedure section 340(1); the four year limitations period found in Business and Professions Code section 17208; or any other limitations period found in the California Code of Civil Procedure, including but not limited to sections 337, 339, 340, 343, or the California Business and Professions Code section 16750.1, such claims of Plaintiffs are barred.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. section 259; Kentucky Revised Statutes section 337.385; and/or any corresponding California state law because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and any corresponding Kentucky and California state law.

## FOURTH DEFENSE

Plaintiffs' claims, including claims for liquidated damages, are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. section 260; Kentucky Revised Statutes section 337.385; and/or any corresponding California state law because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or any corresponding Kentucky and California state law. Further, because of, among other things, its good faith,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

CASE NO. C-07-06414 RMW    15.    Def Aerotek's Answer to First Amended Complaint

Defendant asserts that any non-compliance with federal, Kentucky or California wage and hour laws was not willful and therefore, Plaintiffs are not entitled, among other things, to a third year of overtime pay under the FLSA.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. section 254 and any corresponding Kentucky or California state law, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities.

### SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of de minimis non curet lex.

### SEVENTH DEFENSE

All or portions of the claims set forth in the Complaint are barred by the doctrines of waiver, estoppel, laches, or unclean hands.

### EIGHTH DEFENSE

Plaintiffs have failed to exercise reasonable care to mitigate their damages, if any were suffered, and their right to recover against Defendant should be reduced and/or eliminated by such a failure.

### NINTH DEFENSE

Each purported claim for relief in the Complaint, or some of the claims for relief, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

### TENTH DEFENSE

Plaintiffs lack standing to bring their claims as to all or a portion of the claims alleged in the Complaint.

### ELEVENTH DEFENSE

The Complaint fails to properly state a claim for penalties under California Labor Code section 203 because there is a bona fide, good faith dispute with respect to Defendant's obligation to pay any wages that may be found to be due to Plaintiffs within the meaning and scope

of California Labor Code section 203.

## TWELFTH DEFENSE

This suit may not be properly maintained as a class action under either the FLSA, 29 U.S.C. section 216(b), or under Rule 23 of the Federal Rules of Civil Procedure because: (1) Plaintiffs cannot establish the necessary procedural prerequisites for collective or class treatment and therefore cannot represent the interests of others; (2) the prosecution of separate actions by individuals would not create a risk of incompatible standards of conduct for Defendant; nor would adjudication of individual's claims impede the ability of others not parties to the adjudications to protect their interests; (3) the alleged putative group that Plaintiffs purport to represent is not so numerous that joinder is impracticable; (4) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (5) Plaintiffs' claims are not representative or typical of the claims of the putative class; (6) the named Plaintiffs and alleged putative class counsel are not proper or adequate representatives for the alleged putative class; (7) Plaintiffs cannot show that class treatment of the purported causes of action in the Complaint is superior to other methods of adjudicating the controversy; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative class, and conflicts of interest exist between members of the alleged putative class; (9) the Complaint and the causes of action therein present difficulties that make this action unmanageable as a class action, including, but not limited to, Plaintiffs seek to certify both an opt-in class action under Rule 216(b) of the FLSA and an opt-out class action under Rule 23, which is confusing to putative members of the class.

## THIRTEENTH DEFENSE

The Complaint fails to properly state a claim for attorney's fees under California Code of Civil Procedure section 1021.5, the California Labor Code sections 218.5, California Business and Professions Code section 17200, et seq., under the FLSA, under Kentucky Revised Statutes section 337.385 or on any other basis.

## FOURTEENTH DEFENSE

Plaintiffs and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

CASE NO. C-07-06414 RMW    17.    Def Aerotek's Answer to First Amended Complaint

**FIFTEENTH DEFENSE**

Defendant opposes class certification and dispute the propriety of class treatment under the FLSA and/or Rule 23. If the Court certifies a class in this case over Defendant's objections under the FLSA, Rule 23 or both, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

**ADDITIONAL DEFENSES**

Defendant states that it does not presently know all facts concerning the conduct of Plaintiffs and their claims sufficient to state all affirmative defenses at this time. Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiffs take nothing and the Complaint be dismissed in its entirety with prejudice;

2. That judgment be entered in Defendant's favor;

3. That Defendant be awarded its attorneys' fees and costs; and

4. That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: August 6, 2008

ROBERT J. WILGER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
SOLECTRON CORPORATION,
FLEXTRONICS INTERNATIONAL, USA,
INC. and AEROTEK, INC.

Firmwide:86073920.1 014692.1110

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

CASE NO. C-07-06414 RMW             18.             Def Aerotek's Answer to First Amended Complaint