E-FILED on   01/09/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAN GIL, RODNEY CARR, TONY DANIEL, AND JERMAINE WRIGHT, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SOLECTRON CORPORATION, FLEXTRONICS INTERNATIONAL, USA, INC., AEROTEK, INC., and DOES 1-10, inclusive,<br><br>Defendants. | No. C-07-06414 RMW<br><br><br><br>ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION<br><br><br>**[Re Docket No. 81, 91, 92]** |

Plaintiffs move to certify this suit under the Fair Labor Standards Act ("FLSA") as a collective action pursuant to 29 U.S.C. 216(b). For the reasons stated below, the court grants the motion.

**I. BACKGROUND**

Defendants Flextronics, International, USA, Inc. ("Flextronics") and Solectron Corporation ("Solectron") are electronic manufacturing serving companies that operate throughout the United States. Minyard Dep. 9:13-31. Their business involves manufacturing, refurbishing, and repairing electronic equipment for the original manufacturer of electronic equipment. *Id.* Flextronics and

ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION—No. C-07-06414 RMW
JAS

1   Solectron had been direct competitors, but on October 1, 2007, Flextronics acquired Solectron and
2   the two companies began integrating their business and facilities. Opp. to Mot. for Conditional
3   Class Certification 4.

4   Aerotek, Inc. ("Aerotek") is a staffing company that provides Flextronics, Solectron, and
5   other companies, with temporary employees. *Id.* Flextronics' facilities use Aerotek to staff
6   temporary production-personnel positions, and those individuals are sometimes taken on as
7   permanent employees by the particular local facility. *Id.* Aerotek's employees are sometimes
8   subject to the time-keeping policies of Aerotek, and sometimes the policies of the facility at which
9   they work. Decl. of Konrad Stierli 2.

10  Because of the sensitive electronics with which they work, employees of Flextronics and
11  Solectron must wear protective gear, including anti-static discharge equipment, and pass through
12  electrostatic discharge testing stations before beginning work. Mem. ISO Conditional Class
13  Certification 3. With the exception of one facility, the employees at issue all appear to be paid by
14  the hour and to use a clock-in procedure to record employee time. Opp. to Mot. for Conditional
15  Certification 6. According to plaintiffs, they are required to clock in after putting on their protective
16  gear, and are required to clock out before taking off their gear. Complaint ¶¶ 18-22. Plaintiffs in
17  this suit contend that they are not adequately paid, in violation of the Fair Labor Standards Act for
18  the time spent putting on and removing the protective and anti-static gear. *Id.*

19  Plaintiffs also challenge the recording of time under the clock-in procedure. Though the
20  record presently before the court is unclear because discovery is still in progress, the time-recording
21  software apparently rounds off time entries when employees punch in and out. Mem. ISO
22  Conditional Class Certification 5. Plaintiffs contend that the rounding rules at defendants locations
23  result in the under-recording of worked time and therefore the underpayment of defendants'
24  employees. *Id.* For example, plaintiffs contend that when an employee punches in within a certain
25  number of minutes early, their start time is rounded to the beginning of their shift. *Id.* But when
26  they punch in within that number of minutes late, their start time is not rounded back to their shift
27  start time. *Id.* In this way, plaintiffs contend, the rounding rules have the cumulative effect of
28  depriving defendants' employees of earned pay.

ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION—No. C-07-06414 RMW
JAS                                      2

Plaintiff seeks to certify the following class as a collective action under 29 U.S.C. 216(b):

> All current and former employees of Defendants (including any and all temporary employees) who were required to put on and take off protective gear and anti-static equipment and pass through electrostatic discharge testing stations before, during, and/or after their work shifts without compensation within three years of the Court granting conditional certification.

## II.  ANALYSIS

### A.   The Legal Standard for Certifying a Collective Action

Plaintiffs seek to have the above class certified as a collective action under 29 U.S.C. § 216(b).  Under § 216(b), an action for violation of the FLSA may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." § 216(b) also requires, in contrast to Rule 23 of the Federal Rules of Civil Procedure's treatment of class actions, that employees wishing to be a plaintiff must give consent in writing, and that consent must be filed with the court.  *Id.*  The statute does not define the term "similarly situated," and the Ninth Circuit has yet to interpret the phrase.  But most courts interpreting § 216(b) have used a two-step approach.  *See Wynn v. Nat'l Broad. Co., Inc.*, 234 F.Supp.2d 1067, 1082 (C.D.Cal. 2002) (citing *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir.2001); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218-19 (11th Cir. 2001) ("The two-tiered approach to certification of § 216(b) opt-in classes ... appears to be an effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases."); *Bayles v. American Med. Response of Colo., Inc.*, 950 F.Supp. 1053, 1067 (D.Colo.1996)).  *See also* NEWBERG ON CLASS ACTIONS § 24:3 (4th ed. 2008).

Under the two-step approach, the court first considers whether to certify a collective action and permit notice to be distributed to putative class members.  *Thiessen*, 267 F.3d at 1102; *Russell v. Wells Fargo & Co.,* 2008 WL 4104212, *2-*3 (N.D.Cal. 2008).  At this first stage, the standard for certification is fairly easy to satisfy: courts have required only "substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan."  *Id.*  In those cases where discovery has begun, courts have considered whether the available discovery confirms or refutes plaintiffs' substantive allegations.  *See, e.g., Leuthold v. Destination America*, 224 F.R.D. 462 (N.D.Cal. 2004); *Adams v. Inter-Con Sec*.

*Systems, Inc.*, 242 F.R.D. 530, 536 (N.D.Cal. 2007) (requiring that plaintiffs show "show that there is some factual basis beyond the mere averments in their complaint for the class allegations").

At the second stage, after discovery has been taken, the court can, often upon defendant's motion, decertify the class if it concludes that the class members are not similarly situated. *Id.* During the second stage, the court can consider the following factors in deciding whether an action should proceed collectively: (1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appear to be individual to each plaintiff, (3) fairness and procedural considerations; and (4) whether plaintiffs have made the required filings before filing suit. *Id; Wells Fargo*, 2008 WL 4104212 at *3.

### B. Certification of Plaintiffs' Collective Action

Plaintiffs have provided sufficient allegations and supporting evidence to justify conditional certification of their collective action. In their complaint, the named plaintiffs allege that class members: 1) are not paid to pass through security checkpoints at the beginning and end of their shifts; (Complaint ¶ 19); 2) are paid neither for the time spent donning and doffing protective gear, nor the time waiting for that gear to pass through an electro-static discharge ("ESD") stations; (Complaint ¶ 21); and 3) are not sufficiently compensated because the rules governing rounding of time when an employee clock in or out result in under-recording of worked hours.

In support of these allegations, plaintiffs offer the declarations of twenty-six present and former employees of the defendants. *See* Declaration of Jessica Clay, Exs. 8-33. The declarations do not vary significantly, and they uniformly support the allegations made in the complaint. *Id.* Every single one of them, for example, uses the phrase, "I was required to complete certain tasks before the start of my shift" before going on to describe the individual employees pre-shift activities. *Id.* Notably, all of the declarations state that the employee was not paid for donning and doffing the ESD gear. *Id.*

Defendants identified sixteen manufacturing and production facilities in the United States, and the opt-in declarations reflected that there was a seventeenth facility in Lincoln, CA. Pl.'s Mot. for Conditional Class Cert. 2. Of those seventeen, the twenty-six declarations include at least one employee from eight different production facilities. *See* Declaration of Jessica Clay, Exs. 8-33. The

declarations also include those of employees from facilities that were once operated only by Flextronics or Solectron, and others who were employed through the merger. *Id.* Such an evidentiary showing can be sufficient to justify certification at the notice stage. *See Allen v. McWane*, 2006 WL 3246531, at*3 (E.D.Tex. 2006) ("Although the affidavits and declarations do not encompass all of Defendant's facilities, the Court finds that the Plaintiffs have come forward with competent evidence.").

     Defendants oppose certification, arguing that the policies and procedures at issue are entirely determined by local management, and therefore that determining whether the class members were adequately compensated will require much individual assessment. Defendants rely primarily on deposition testimony by 30(b)(6) witnesses Jeffrey L. Minyard, Larry A. Hersh, and Roberta L. SoloRio. These three deponents, while testifying credibly that Flextronics has no company-wide policy that implicates plaintiffs' allegations of underpayment, lack detailed knowledge of the specific practices in place at individual facilities. This is understandable given the apparently decentralized nature of Flextronics' human resources management. *See* SoloRio Dep. 8:24-9:5. But some deposition testimony seems inconsistent with the twenty-six declarations filed by the opt-in plaintiffs. For example, each of the 30(b)(6) deponents testified, in some fashion, that as far as they knew most employees clocked in before donning and doffing their ESD gear. *See* Minyard Dep. 13:9-17 ("There's none to my knowledge that do not clock in first. There may be some variation there where employees may dress at home or have their smocks with them and come to the place of work dressed. But for the most part, employees will be clocking in through our Kronos system, which is our tool of timekeeping, then put their clothes on, their smocks, [their] heel straps, their ESD equipment, and then begin their work shift."); Hersh Dep. 9:13-17 ("Q. So your testimony is that at each of these sites that you are familiar with an employee comes in, swipes their security badge, and then the next thing they do is they swipe in for Kronos? A. Yes."); SoloRio Dep. 35: "[T]here will be variations from site to site, but they're going to enter the building they're going to clock in, get their gear, put it on, go to their workstation..."). There is thus a genuine conflict between the specific allegations in the opt-in declarations, and the general ones in the 30(b)(6) depositions. Further discovery with notice to the class will ideally clarify the policies of each

facility. Given the lenient evidentiary standard at the notice-certification stage, the court finds that plaintiffs have presented adequate information to justify conditional certification.

Defendants also argue that donning and doffing claims are generally not suitable for collective action treatment. Opp. to Mot. for Conditional Certification 17. Defendants cite *Carlson v. Leprino Foods Co.*, 2006 WL 1851245, (W.D.Mich. 2006), a case involving donning and doffing pay, as well as multiple plants with local human-resource policies. In that case, the court denied certification because there was evidence that certain plants had policies that might subject the employer to liability, while others did not. *Carlson*, 2006 WL 1851245 at *2 (comparing practices at the Ravenna, Nebraska plant with those in Roswell, New Mexico and Allendale, Michigan). Here, while the 30(b)(6) depositions do include general statements that no general policy governs all of Flextronics plants, there is no conclusive evidence that any particular plant would be differently situated from the class. Finally, *Carlson* does not stand for the general proposition that donning and doffing are not subject to collective treatment because, in that case, the court ultimately certified a class covering one of the plants. *Id.* at *5.

### C. Objection to Opt-In Declarations

Defendants argue that the opt-in declarations submitted in support of the motion to conditionally certify the collective action should be stricken because plaintiffs have refused to respond to interrogatories regarding those persons. When a party fails to produce information as required by Rule 26(a) or (e), evidence using that information can be excluded. Fed. R. Civ. P. 37(c)(1). In fact, the rule states that the non-disclosing party "is not allowed to use that information" unless the failure "was substantially justified or is harmless." *Id.*

Plaintiffs contend that this action circumvents a motion to compel, and "seeks the drastic remedy of striking all of plaintiffs' declarations." Reply Mem. ISO Class Certification 4. Plaintiffs are incorrect that a 37(c)(1) remedy circumvents a motion to compel. In fact, subdivision (c) "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without the need for a motion under subdivision [37(a)(3)(A), a motion to compel]." *See* Fed.R.Civ.P. 37(c) advisory committee's note (1993 Amendments). Rather, the 37(c)(1) sanction was meant to provide

an additional "strong inducement for disclosure" of material that the disclosing party would expect to use as evidence. *Id.*

Nonetheless, because the court finds that the extent of discovery allowed pursuant to the stipulated Case Management Scheduling Order is unclear and disputed with respect to whether opt-in plaintiffs were included in "Plaintiffs," the failure to disclose the biographical and work history of opt-in plaintiffs at this time does not justify striking the opt-in declarations. However, nothing in this order precludes the defendants from seeking to compel the production of information about the opt-in plaintiffs before the assigned magistrate judge.

### III. ORDER

For the foregoing reasons, the court:

1. Grants plaintiffs' motion for conditional certification. Though the parties agreed at oral argument that defendants generally pay the cost of notice, the court may later re-allocate that cost.

2. Overrules defendants' objection to the declarations of the opt-in plaintiffs in support of the motion for class certification.

3. Overrules defendants' objection to the declaration of Jessica Clay.

DATED:     01/7/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| James Harvey Kaster | kaster@nka.com |
| Jessica J Clay | clay@nka.com |
| Matthew C Helland | helland@nka.com |
| Paul J. Lukas | lukas@nka.com |

**Counsel for Defendants:**

| | |
|---|---|
| Robert James Wilger | rwilger@littler.com |
| Benjamin A. Emmert | bemmert@littler.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    01/09/09                             JAS
                                    **Chambers of Judge Whyte**